Zimmerman, J.
 

 Was the Court of Appeals correct in reversing the judgment of the trial court and denying the plaintiff recovery?
 

 Section 3891-1, General Code, appearing in the chapted entitled “Assessments,” authorizes the council of a municipality by ordinance to establish fair rates or charges for the use of the municipal sewerage system which “shall constitute a lien upon the property served by such connection and if not paid when due shall be collected in the same manner as other city and village taxes.”
 

 
 *361
 
 Pursuant to this statute, the city of Cleveland enacted ordinance No. 558-A-38, authorizing and fixing charges for the use of its sewerage system and providing that the amount of an unpaid charge be certified by the director of finance to the auditor of Cuyahoga county to be placed on the county tax duplicate, against the property served, for collection as other taxes are collected.
 

 Under the foregoing statute and ordinance the city-makes the principal contention that a lien was created for sewerage service “in the nature of a tax, as a special assessment,” which takes precedence over all claims of the plaintiff.
 

 Plaintiff assumes the position that the charges for sewerage service are neither a tax nor an assessment, and if construed as a tax would be violative of Section 2, Article XII of the Constitution of Ohio; that the mortgage indebtedness owed it on the various properties takes priority over the sewerage service charges; and that such charges were paid involuntarily under duress, or under a mistake of fact.
 

 Since it is apparent that under an ordinance having statutory sanction charges for sewerage. service were duly certified and entered against the premises served, on the real property duplicate of the county, valid liens were thereby created against such realty.
 
 Home Owners’ Loan Corp.
 
 v.
 
 Tyson,
 
 133 Ohio St., 184, 12 N. E. (2d), 478.
 

 Certain stipulations in the agreed statement of facts are revealing. It is agreed that the property described in the statement of the first cause of action in the petition was acquired by the plaintiff, and the charges for sewerage service were paid by it directly to the treasurer of the city of Cleveland. That as to the property described in the statement of the second cause of action, the charges were paid by the plaintiff to the sheriff of Cuyahoga county who in turn paid them to the county
 
 *362
 
 treasurer, the latter disbursing the same to the city treasurer.
 

 Other stipulations are:
 

 “13. That plaintiff would testify that threats had been made to disconnect water service serving the various parcels unless the plaintiff paid said sewerage charges, and would further testify that if said water service was disconnected the properties would become unsanitary and a menace to the health and safety of the occupants of said property and to the general public.
 

 “14. That the defendant would call the commissioner of water for the city of Cleveland who would testify that within 'his knowledge and from the records in said department there was no threat to disconnect water for failure to pay sewerage charges. He would further testify that it is not and was not the policy of the water department of the city of Cleveland to discontinue water service for failure to pay sewerage charges.
 

 “That plaintiff would call Mr. E. F. Chapman, an officer of the plaintiff, who would testify [over objection] that he believed the city would disconnect the water service for failure to pay the sewerage charge, * # *
 

 “15. That the sheriff paid to the county treasurer the sewerage charges * * * as though they were collected as taxes.”
 

 In 17 American Jurisprudence, 875, Section 4, it is said:
 

 “To constitute duress, making a payment of money involuntarily, there must be unlawful coercion, destroying free agency to pay or not to pay, according to one’s own will.”
 

 And later in the same volume it is stated, at page 885, Section 11:
 

 
 *363
 
 “The mere fact that a person is in fear of some impending peril or injury, or in a state of mental perturbation at the time of doing any act, is not sufficient ground for holding that the act was done under duress.”
 

 Compare,
 
 Moore
 
 v.
 
 Adams,
 
 8 Ohio, 372, 374, 32 Am. Dec., 723; 9 Ohio Jurisprudence, 285, Section 52.
 

 Here, the most that plaintiff claims with respect to the payment it sent directly to the city treasurer is that the same was made under threat that water service would be discontinued and upon the belief of one of its officers that the water service would in fact be disconnected. Surely, payment under these circumstances falls short of involuntary payment under duress or compulsion within the above definitions.
 

 The cases of
 
 Peters, Ricker & Co.
 
 v.
 
 Marietta & Cincinnati Rd. Co.,
 
 42 Ohio St., 275, 51 Am. Rep., 814, and
 
 Reinhard
 
 v.
 
 City of Columbus,
 
 49 Ohio St., 257, 31 N. E., 35, relied upon by plaintiff, involved forced payment of claims having an
 
 illegal foundation,
 
 and are therefore distinguishable from the instant case.
 

 Plaintiff also contends that the payment made by it directly to the city treasurer and the one made through the sheriff were due to a mistake of fact, which entitles it to a return of the payments.
 

 Some duty rested on plaintiff to ascertain for what purpose it was expending its money. Upon slight investigation it would have discovered that its funds were being delivered to be applied in satisfaction of a valid ljen against its real estate, and if it believed, after such investigation, that no obligation to pay existed, payment could have been withheld. Had the city, without right or justification, actually discontinued the water service for refusal to pay, the courts were open for prompt relief.
 

 The rule is that if by reasonable diligence one, under a legal duty to do so, can obtain knowledge of a fact,
 
 *364
 
 and fails or neglects to do so, and thereupon pays money to discharge a legitimate debt, he cannot require its return as having been paid under a mistake of fact or a misapprehension;
 
 Simmons
 
 v.
 
 Looney,
 
 41 W. Va., 738, 24 S. E., 677.
 

 Also distinguishable from' the present case is the one of
 
 Woolley
 
 v.
 
 Staley, Treas.,
 
 39 Ohio St., 354, cited by plaintiff in its brief, where a taxpayer, under the justified belief that there was a legal charge against his property upon the tax duplicate, paid the ; amount thereof,
 
 when in fact no such charge appeared and he was under no legal or moral duty to respond.
 
 In that situation, the court sanctioned recovery on the ground that payment was exacted under a mistake of fact.
 

 Taking the view of the instant case as indicated, it is unnecessary to consider or decide whether the lien for sewerage service charges placed against the real estate on the tax. duplicate was in the nature of taxes or assessments, taking priority over the indebtedness due plaintiff on its mortgages.
 

 The judgment of the Court of Appeals was correct and is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Bell, Williams and Turner, JJ., concur.