PHILLIPS *v.* ELLIOTT ET AL.

[No. 19,229.   Filed May 12, 1959.]

*Floyd P. Newsom,* of Terre Haute, for appellant.

*James F. Harper,* of Terre Haute, and *Hyman A. Pierce,* of Chicago, Illinois, for appellee.

COOPER, C. J.—In this matter which we have before us now is not an appeal, but an informative verified application showing the impossibility of an appeal by reason of the inability of the trial court to prepare and certify a full, true and complete Bill of Excep-

tions containing the evidence, etc., given in the trial of this cause. There is a showing that the Official Court Reporter died on February 24, 1959, and that her successor has examined the shorthand notes made at the trial, but can only read, or interpret, a part of the original shorthand notes made by the Official Court Reporter and that, by reason thereof, the present Reporter could not certify that a transcript of the evidence prepared from the notes of the decedent was accurate or that such transcript contained all of the evidence given in said cause.

The petition before us, among other things, prays this court to grant a new trial of said cause in the trial court. This we cannot do under our authority at this time.

We believe, under the facts averred in the petition now before us, and under the law applicable thereto, that the trial court has ample authority under such cilrcumstances as we have outlined above to grant the petitioner herein the equitable relief that is necessary to afford the petitioner the constitutional rights guaranteed him by Article I of §12 of the Constitution of Indiana. See *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 52 N. E. 2d 335, and authorities cited; *Cook* v. *State* (1951), 231 Ind. 695, 110 N. E. 2d 749, and authorities cited.

We, therefore, must deny the petitioner's petition with the recommendation that he proceed in the trial court in the event the parties hereto cannot agree upon the Bill of Exceptions.

In the event the parties are able to agree upon the Bill of Exceptions, the petitioner herein, Robert Phillips, is given ninety (90) days from the 5th day of April, 1959, in which to file said Bill of Exceptions. A certified copy of this opinion and the order this day

entered is ordered served forthwith upon the interested parties and the Superior Court of Vigo County, Room No. 2.

NOTE.—Reported in 158 N. E. 2d 295.