## Ex Parte Wiley.

HABEAS CORPUS.—*Jurisdiction.*—A writ of *habeas corpus* must issue from a court of the county where the person applying for the writ is restrained of his liberty, except when the judge of said court is unable or incompetent to hear and determine the application.

APPEAL from the Decatur Circuit Court.

PETTIT, J.—Wiley was a prisoner in the southern state prison, at Jeffersonville, in Clark county, under a sentence for life by the Decatur Circuit Court on a trial and conviction of murder. He made application to the Decatur Circuit Court, in session, for a writ of *habeas corpus* to relieve him from imprisonment, on the ground that the judge who presided at his trial had no power or jurisdiction to hold the court or try him.

The Decatur Circuit Court refused the writ and dismissed the petition. Exception was taken, and appeal to this court.

The appellant's attorneys have presented us with an able and learned printed brief on the question of the jurisdiction of the judge who tried and passed sentence on the petitioner; but a supplemental brief admits that the Decatur Circuit Court had no jurisdiction in the *habeas corpus* case. See 3 Ind. Stat. 285, sec. 716. The attorneys for the appellant, nevertheless, ask us to pass upon the questions presented in their brief, as to the jurisdiction of the judge who tried and sentenced the prisoner, but we decline to do so, because we have more questions legally and legitimately before us than we can examine and decide, and we have no time to write dissertations or amateur lectures on questions of law not properly before us.

The court committed no error in refusing the writ and dismissing the petition.

The judgment is affirmed, at the costs of the appellant.

*J. Gavin, J. D. Miller, W. O. Foley, C. Ewing,* and *J. K. Ewing,* for appellant.