## DOWD, WARDEN *v.* ANDERSON.

[No. 27,584.   Filed March 30, 1942.   Rehearing denied April 20, 1942.]

*George N. Beamer*, Attorney General, *James K. Northam*, First Assistant · Attorney General, *Norman E. Duke*, Deputy Attorney General, for appellant.

*Oscar B. Thiel*, of Gary, for appellee.

FANSLER, J.—This is an appeal from a judgment discharging the appellee from the custody of the warden of the Indiana State Prison upon his petition for a writ of *habeas corpus.*

By his petition and the return it was made to appear that he was held on a commitment issued by the Crawford Circuit Court, a court of general jurisdiction, upon a judgment, regular upon its face, finding him guilty of murder upon his plea of guilty. He had served five years of his sentence when the proceeding was begun. The appellee's petition for *habeas corpus* alleges facts substantially identical with those in *State ex rel. Dowd, Warden* v. *Superior Court of LaPorte County* (1941), 219 Ind. 17, 36 N. E. (2d) 765.

It has been provided by statute, and uniformly held by this court from the earliest times, that a judgment of a court of competent jurisdiction cannot be collaterally attacked and overthrown in a *habeas corpus* proceeding; that failure to accord the defendant constitutional rights is error, but does not render the judgment void. Counsel for appellee recognizes this long-established rule, but contends that the deci-

sions of the Supreme Court of the United States require that it be abandoned. We do not so construe the cases.

We have noticed the fact that Congress has seen fit to make a different provision with respect to judgments entered by federal courts. We have repeatedly pointed out that the state courts in the counties in which our prisons are located have no jurisdiction to examine or review a final judgment of a court of competent jurisdiction regular upon its face. The question is solely one of jurisdiction. Where constitutional rights, state or federal, are invaded or denied there are well-known remedies provided, but these remedies must be sought in the court in which the judgment was rendered, or in this court upon appeal. No other state court has jurisdiction. *State ex rel. Dowd, Warden* v. *Superior Court of LaPorte County, supra; Haden* v. *Dowd, Warden* (1939), 216 Ind. 281, 23 N. E. (2d) 676.

It is contended by appellee that the facts which he can bring forward do not entitle him to relief upon petition for a writ of error *coram nobis*. But he has not sought relief by petition for a writ of error *coram nobis,* or by any other proceeding, in the Crawford Circuit Court, the only court having original jurisdiction to grant relief if his constitutional rights have been invaded. It is not within our province to decide whether a state of facts which he brings before us from a court that was without jurisdiction to pass upon them would be sufficient to entitle him to relief if made the basis of a proceeding in a court that has jurisdiction to consider them.

The evidence in the record so clearly preponderates in favor of the respondent as to suggest a question as to the theory upon which the trial court acted. Appel-

lee's counsel advises that it is his understanding that the trial judge interpreted the decisions of the United States Supreme Court to require not only that a defendant must be advised of his right to have counsel, but that counsel must actually be appointed, whether the defendant wishes it or not. We do not so interpret the decisions, but if they could be so interpreted, and there was error in respect to the appointment of counsel, the trial court had no jurisdiction to correct it.

Judgment reversed, with instructions to quash the writ.

NOTE.—Reported in 40 N. E. (2d) 658.