## NEWSOM v. MILES ET AL.

[No. 27,690.   Filed October 27, 1942.]

*Howard R. Hooper* and *W. S. Henry,* both of Indianapolis, for appellant.

*George N. Beamer,* Attorney General, *Norman E. Duke,* Deputy Attorney General, and *Darrel L. Hodson,* of Kokomo, for appellees.

FANSLER, J.—The appellant filed a petition for a writ of *habeas corpus* in the Howard Circuit Court, alleging that he was illegally imprisoned and restrained of his liberty by A. F. Miles, Superintendent of the Indiana Reformatory at Pendleton.  The writ issued, commanding the defendants to have the body of the petitioner

before the Howard Circuit Court. The defendant Miles filed a motion to quash the writ upon the grounds that he held the prisoner as Superintendent of the Indiana Reformatory, which is located at Pendleton, in Madison County, and that the circuit and superior courts of Madison County have exclusive jurisdiction over the issuance of writs of *habeas corpus* against him; that the petition fails to show that the judges of said courts of Madison County are unable or incompetent to hear and determine the cause; that the petition shows upon its face that the petitioner is held pursuant to a legal and valid commitment issued under a judgment of the Howard Circuit Court. The motion to quash the writ was sustained, from which ruling the appellant appeals.

Section 3-1905, Burns' 1933, § 1023, Baldwin's 1934, is as follows: "Writs of habeas corpus may be granted by the circuit or superior courts of the county in which the person applying therefor may be restrained of his or her liberty, or by the judges of said courts, whether in term or vacation; or if said judges be absent from their circuits, or by reason of sickness or other cause be unable or incompetent to hear and determine the same, then by any such judge of any adjoining circuit, and upon application, the writ shall be granted without delay."

The appellant contends that the word "may" in the statute does not establish an iron-clad rule of jurisdiction; that it is simply permissive, and does not deny jurisdiction to other courts. It is clear that the statute was designed to confer jurisdiction, otherwise it serves no useful purpose. It is well settled that exclusive jurisdiction is in the courts of the county in which the applicant is restrained, except in the cases provided for in the statute. *Murphy* v.

*Daly* (1934), 206 Ind. 179, 188 N. E. 769. See also *Ex Parte Wiley* (1871), 36 Ind. 528.

What has been said requires the affirmance of the judgment. It is noted, however, that the basis of the petition is a contention that the judgment of conviction of the appellant is void because it was not signed by the judge. The failure of the judge to sign the record is a mere irregularity. The judgment is not void and is not subject to collateral attack because of such failure. *Bailer* v. *Dowd* (1942), 219 Ind. 624, 40 N. E. (2d) 325.

Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 297.