## WOOD v. DOWD, WARDEN

[No. 27,930.   Filed November 22, 1943.]

Forest G. Wood, *pro se.*

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for appellee.

SWAIM, J.—This is an appeal from a judgment of the LaPorte Circuit Court denying the appellant's petition for a writ of *habeas corpus.* Said petition showed on its face that appellant was incarcerated in the Indi-

ana State Prison at Michigan City, Indiana, on a commitment issued by the circuit court of Randolph County, Indiana, on a judgment of that court adjudging the petitioner guilty of murder in the second degree and sentencing him to imprisonment in the Indiana State Prison for and during his natural life.

Section 3-1918, Burns' 1933, § 1033, Baldwin's 1934, expressly provides that on a petition for a writ of *habeas corpus,* no court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in any case where such "process issued on any final judgment of a court of competent jurisdiction."

This court has repeatedly held that to attempt to so inquire into any irregularity in the proceedings on which such a final judgment is based amounts to a collateral attack on such judgment and cannot be sustained. *Smith* v. *Hess, Sheriff* (1883), 91 Ind. 424, *Dowd, Warden* v. *Anderson* (1942), 220 Ind. 6, 40 N. E. (2d) 658. As said by this court in *Smith* v. *Hess, Sheriff, supra:*

"A judgment by a court of competent jurisdiction, valid upon its face, and a valid commitment under it, is an unanswerable return to a writ of habeas corpus."

The petition in the instant case shows on its face that appellant is in the Indiana State Prison on a commitment issued on the judgment of a court of competent jurisdiction; and that said court had jurisdiction of the person of the petitioner. The petition shows that the LaPorte Circuit Court had no jurisdiction to grant the relief sought by the petitioner. *Haden* v. *Dowd* (1939), 216 Ind. 281, 23 N. E. (2d)

676; *Goodman* v. *Daly, Warden* (1929), 201 Ind. 332, 165 N. E. 906.

The petition alleged that the proceedings of the Randolph Circuit Court were irregular in that petitioner was denied his constitutional right to counsel; ■ and that his plea of guilty was irregular. Such objections can only be raised in a proper proceeding in that court or in an appeal from the judgment of that court. Such irregularities do not render the judgment of the Randolph Circuit Court void and, therefore, subject to collateral attack by a petition for writ of *habeas corpus. State ex rel. Dowd, Warden* v. *Superior Court of LaPorte County* (1941), 219 Ind. 17, 36 N. E. (2d) 765, *Dowd, Warden* v. *Anderson, supra.*

The judgment of the LaPorte Circuit Court is affirmed.

NOTE.—Reported in 51 N. E. (2d) 356.