STATE EX REL. COOK *v.* HOWARD, WARDEN.

[No. 28,134. Filed December 13, 1945. Rehearing denied January 4, 1946.]

*Lawrence E. Cook,* pro se.

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General and *Karl J. Stipher,* Deputy Attorney General, for the State.

GILKISON, J.—Appellant filed his verified complaint for *habeas corpus* in two paragraphs in the court below on April 6th, 1945. After examining the petition, the court denied it, from which action the appeal is taken.

The errors assigned are (1) that the court erred in denying paragraph one of the complaint and (2) the court erred in denying paragraph two of the complaint.

When an action for *habeas corpus* is filed, the judge shall proceed, in a summary way, to hear and determine the cause. § 3-1917, Burns' 1933. While the writ of habeas corpus is a "writ of liberty," yet when it appears that the detention complained of is by virtue of a proper process of a court, the writ will not be granted unless the proceeding or judgment supporting the process is absolutely void. *McDonald* v. *Short, Supt.* (1921), 190 Ind. 338, 343, 130 N. E. 536; *Willis* v. *Bayles* (1885), 105 Ind. 363, 368, 5 N. E. 8.

In *Willis* v. *Bayles, supra,* it is said:

"It is settled law that the writ of *hapeas corpus* can not be used as a writ for the correction of mere errors in the judgment, under and by force of which the petitioner for the writ is restrained of his liberty. 'An imprisonment under a judgment,' said Chief Justice Marshall, 'can not be unlawful, unless that judgment be an absolute nullity; and it is not a nullity, if the court has general jurisdiction of the subject, although it should be erroneous.' Ex Parte Watkins, 3 Pet. 193. In such case the petitioner for the writ assails collaterally the judgment under which he is imprisoned, and it is clear that to entitle himself to a discharge from such imprisonment he must show the judgment, either by his petition or his proof on the hearing, to be an absolute nullity."

In the instant case each paragraph of appellant's verified complaint conclusively shows that he is imprisoned on a valid commitment issued on a lawful judgment of the Jennings Circuit Court, of July 23, 1931. There is no contention that the judgment was void at that time. If nothing further were shown in the petition undoubtedly the action of the LaPorte Circuit Court in denying the petition was correct, since it is without jurisdiction to revise a valid judgment of a court of equal jurisdiction.

But in the first paragraph of his complaint appellant further alleges, that thereafter, within 30 days from the date of this judgment, he filed a motion for new trial, which was overruled. That he was then too poor to raise the necessary funds to appeal his case. But that he prepared notices of appeal, a praecipe for a transcript of the record, an assignment of error and a motion to appeal as a poor person, within six months after his motion for new trial was overruled, but was prevented by the prison warden and prison employees from mailing or otherwise sending out these appeal papers.

On these facts appellant's first paragraph of complaint alleges:

"11. That by reason of said action of and by Indiana in preventing relator from appealing said judgment Indiana elected to and did nullify said judgment and left relator free to seek relief therefrom in this court in habeas corpus instead of by appeal to said Supreme Court or other appropriate proceedings in said trial court.

"12. That by reason of said foregoing acts of Indiana, by and through members of the Executive Branch thereof, in suppressing, frustrating, and preventing relator in his efforts to perfect said appeal to the Supreme Court of Indiana relator has been and now is deprived of the 'equal protection' of the law and his said imprisonment is in violation of said Fourteenth Amendment and said Section 12."

It is apepllant's contention that this position is supported by *State ex rel. Eggers* v. *Branaman* (1932), 204 Ind. 238, 183 N. E. 653, and *Cochran* v. *State of Kansas* (1942), 316 U. S. 255, 62 S. Ct. 1068. The Eggers case was an original action brought in this court to mandate the defendant judge of the Lawrence Circuit Court to correct his record so that it would speak the truth in a

judgment rendered against the plaintiff in a certain case therein in which she had been sentenced to the Women's Prison for a term of one year. When so corrected the judgment showed on its face that it was a nullity. The proof was such that the mandate was granted and the record was so corrected. When so corrected, the judgment was vulnerable to attack by *habeas corpus* proceedings, but it could not be so attacked until the correction was made. This case does not support appellant's position, but is consistent with the general rule that a judgment valid on its face may not be collaterally attacked by a *habeas corpus* proceeding.

The case of *Cochran* v. *State of Kansas, supra,* was decided by the United States Supreme Court on May 11, 1942. In that case the petitioner was convicted of passing a $12.60 check, knowing it was forged. After finding that he had been previously convicted of two other felonies the court sentenced him to life imprisonment as an habitual criminal. Thereafter he filed an application for *habeas corpus* in the Kansas Supreme Court, in which, among other things, he alleged that officials of the prison where he was incarcerated, enforcing prison rules, had suppressed appeal documents he had prepared making it impossible for him to perfect his appeal within the time provided by law. The writ was denied by the Kansas Supreme Court. The United States Supreme Court reversed the judgment of that court and remanded the cause for further proceedings, among other things saying: "And in Kansas, habeas corpus is recognized as affording a remedy for a person held in prison in violation of a right guaranteed by the Federal Constitution."

Without exception it has been held by this court that state courts of counties where our prisons are located

are without jurisdiction to examine or review a final judgment of a court of competent jurisdiction regular upon its face. Where constitutional rights, state or federal, are alleged to be invaded or denied, well known remedies are provided, but they must be sought in the court in which the judgment was rendered, or in this court on appeal. No other state court has jurisdiction. *State ex rel. Dowd, Warden* v. *Superior Court of LaPorte County* (1941), 219 Ind. 17, 36 N. E. (2d) 765; *State ex rel. Kunkel* v. *LaPorte Circuit Court* (1935), 209 Ind. 682, 200 N. E. 614, and cases cited.

If appellant has been denied the privilege of appealing his case, by the warden and employees of the prison where he is serving, until the time allowed by ██ statute for an appeal has expired, that fact would not nullify the judgment lawfully rendered against him by the Jennings Circuit Court. It would merely extend the time for appeal during the period of such disability. In aid of its appellate powers and functions this court has both inherent and statutory power to entertain and determine a petition to appeal after the time allowed by statute therefor has expired, under the conditions set forth in paragraph one of appellant's complaint, § 3-2201, Burns' 1933, but the LaPorte Circuit Court is without jurisdiction so to do in this action.

Chapter 38 of the 1945 Acts of the General Assembly of Indiana became effective on February 26, 1945. Agreeable with its terms a Public Defender was appointed and duly qualified March 20, 1945. Section 2 of the Act defines the duty of this official as follows:

"It shall be the duty of the Public Defender to represent any person in any penal institution of this state who is without sufficient property or funds to employ his own counsel, in any matter in which

such person may assert he is unlawfully or illegally imprisoned, after his time for appeal has expired."

Thus, it appears that the state recognizes that persons in appellant's position may have claims that require careful consideration, and it has provided competent counsel to examine and if necessary to prepare and present such claims to the proper court or courts for adjudication.

We think appellant misconstrues the decision in the case of *Cochran* v. *State of Kansas, supra,* since it does not hold that an interference with the right of appeal nullifies the judgment and sentence under which a prisoner is serving. In Indiana a prisoner's right to "equal protection" and "due process" are fully protected.

There was no error in denying the writ on the first paragraph of complaint.

In the second paragraph of his complaint in addition to the averments common to both paragraphs, appellant in substance avers: That on October 18th, 1937, he filed his petition for writ of error *coram nobis* in the trial court, alleging among other things, that his conviction was procured by a fraud practiced on the trial court, the jury, the prosecuting officers, his attorneys, and himself, by a conspiracy to give and the giving of perjured testimony against him. That he moved the court to order him produced for the trial of said petition, but the court denied his motion. That thereafter, the State filed a demurrer to the petition which was sustained by the court, and the petition was denied. That he filed a complaint in the Supreme Court, asking it to mandate the circuit court to proceed to try said cause, which complaint was denied on March 17, 1944. That thereby he has been denied "the rudimentary demands of justice," in violation of the Four-

teenth Amendment and Section 12, Art. 1, Constitution "specifically designed to prevent injustice."

For this court's reasons for denying the writ see *State ex rel. Cook* v. *Wickens, Special Judge* (1944), 222 Ind. 383, 53 N. E. (2d) 630.

From the above it appears all matters which appellant presents in the second paragraph of his complaint have been adjudicated by the Jennings Circuit Court, and are now at rest, so far as this collateral action is concerned.

Finding no error in the record, the action of the court below is affirmed.

NOTE.—Reported in 64 N. E. (2d) 25.