STATE EX REL. BARNES *v.* HOWARD

[No. 28,146.   Filed February 20, 1946.]

*Harry S. Barnes,* pro se.

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, and *Merl M. Wall,* Deputy Attorney General, for the State.

O'MALLEY, J.—This is an appeal from the LaPorte Circuit Court wherein the relator was denied the issuance of a writ of *habeas corpus.*

The petition filed below set forth that the relator was, on the 12th day of November, 1943, sentenced for an indeterminate term of from two to 14 years in the Indiana State Prison; that the sentence was pronounced by the DeKalb Circuit Court on a conviction of forgery; and that no appeal was taken from the judgment of conviction so rendered. It further alleged that on January 6, 1945, this relator filed a petition for a

writ of error *coram nobis* in the DeKalb Circuit Court
and on the 11th day of January, 1945, trial was had
and at its conclusion the court entered judgment deny-
ing the writ. It is further alleged that this relator
prayed an appeal from the judgment denying the writ
on the 10th day of February, 1945; that he thereupon
requested that the clerk of the circuit court prepare a
transcript of the record in the *coram nobis* proceeding
and file the same with the Clerk of the Supreme Court of
Indiana; that a transcript was made and sent to the
Clerk of the Supreme Court; that the clerk thereupon
wrote to relator and stated that the transcript was not
in proper form; that this relator requested that it be
sent to him, but that the clerk sent it to the "Public
Defender" of the State of Indiana; and that the time
for appeal passed before the transcript reached this
relator.

It is claimed that because of the matters above alleged
the LaPorte Circuit Court had jurisdiction of the peti-
tion for *habeas corpus* and that the interference with
the right of appeal made his imprisonment unlawful.

*Habeas corpus* is a statutory proceeding in the State
of Indiana. § 3-1901 to § 3-1925, Burns' 1933. In
§ 3-1918 of the statute it is plainly stated that:

> "No court or judge shall inquire into the
> legality of any judgment or process whereby
> the party is in custody, or discharge him when
> the term of commitment has not expired, in either
> of the cases following:
> "First . . .
> "Second. Upon any process issued on any final
> judgment of a court of competent jurisdiction.
> "Third . . .
> "Fourth . . ."

In his petition the relator alleged that he was in
prison on process which issued out of the DeKalb Cir-

cuit Court. That court is one of competent jurisdiction and legally authorized to try crimes of misdemeanors. The relator asserts here that because he alleged that a transcript was not filed by the clerk of this court; because the clerk sent the transcript to the Public Defender; because it did not come to his hand until the time to appeal had passed, that the right to restrain him of his freedom ceased.

The *coram nobis* proceeding was not a continuation of the criminal cause in which he was convicted and sentenced. *State ex rel. Emmert* v. *Gentry* (1945), 223 Ind. 535, 62 N. E. (2d) 860. It was an attack upon the judgment of conviction and governed by different rules of law. *State ex rel. Emmert* v. *Gentry, supra.* In such proceeding the State need not provide an attorney and records or transcripts at public expense. *State ex rel.* v. *Criminal Court of Lake Co.* (1942), 220 Ind. 4, 40 N. E. (2d) 971. The burden of going forward and the burden of proof were on the peitioner, relator herein. *State ex rel. Emmert* v. *Gentry, supra.*

Here, in a cause that is not criminal in its nature, where the right of appeal is not at public expense, the relator requests not that he be afforded the same treatment which is given to other citizens, but that he be given preferred treatment. The general rule applicable to appeals in a matter similar to the one under consideration is well stated in *State ex rel. Cook* v. *Howard, Warden* (1945), 223 Ind. 694, 699, 64 N. E. (2d) 25, 27, where this court said:

"If appellant has been denied the privilege of appealing his case, by the warden and employees of the prison where he is serving, until the time allowed by statute for an appeal has expired, that fact would not nullify the judgment lawfully ren-

dered against him by the Jennings Circuit Court. It would merely extend the time for appeal during the period of such disability. In aid of its appellate powers and functions this court has both inherent and statutory power to entertain and determine a petition to appeal after the time allowed by statute therefor has expired, under the conditions set forth in paragraph one of appellant's complaint, § 3-2201, Burns' 1933, but the LaPorte Circuit Court is without jurisdiction so to do in this action."

In the above case the appeal involved was in the criminal action which culminated in the imprisonment from which the party was seeking a discharge. Here it is in an action that is not criminal in its nature. It is one that may be used to set aside a judgment criminal or civil that for a valid reason should never have been rendered. It concerns a remedy usable in cases where there are unknown facts which, if they had been called to the attention of the trial court, would have necessitated a different result.

This relator does not desire an appeal from the DeKalb Circuit Court. His position is that subsequent to his conviction some agency of the State of Indiana caused a delay and thus violated his constitutional rights and that such violation entitles him to be freed from restraint. If there were unlawful interference with his right of appeal, this court can, on proper application, extend the time and accept jurisdiction of the appeal. *State ex rel. Cook* v. *Howard, Warden, supra.*

The showing of the relator in the lower court did not set forth any reason for the application of the writ of *habeas corpus.* The LaPorte Circuit Court was without power to examine or interfere with a judgment and commitment of the DeKalb Circuit Court, which remained unsatisfied.

No error having been shown the judgment of the La-Porte Circuit Court is affirmed.

Note.—Reported in 65 N. E. (2d) 55.