STATE EX REL. SWEET *v.* HANCOCK, JUDGE

[No. 28,199. Filed April 22, 1946.]

*Richard Sweet,* pro se.

*Howard L. Hancock,* pro se.

GILKISON, J.—Relator, Richard Sweet, pro se, has filed his verified petition in this court for an alternative

writ of mandate against Howard L. Hancock, as Judge of the Parke Circuit Court. Among other things he alleges that about February 23, 1946, he filed in said circuit court a verified petition for a *nunc pro tunc* entry in cause No. 5640 therein. That he does not know whether this petition has been acted upon by said court, by either granting or denying it. If it has been denied he prays that the writ issue requiring the respondent to show cause why the record should not be corrected as prayed for, and that respondent be ordered to notify relator of all future rulings by respondent in any and all applications submitted for filing by relator, and that he "show cause why he should not return relator to the Parke Circuit Court."

This court does not know whether relator's alleged petition has been acted upon by respondent. It is relator's duty as a litigant to ascertain this fact and to make a positive averment in his petition concerning it.

This court has no general supervisory power over lower courts. Therefore, we could not mandate respondent "to notify relator of all future rulings" etc. Since all the records of the Parke Circuit Court are public records, relator is at liberty, by himself or by an attorney of his own employment, to examine such records and thereby ascertain just what, if any, action has been taken on his alleged petition.

In his petition in this court relator also alleges "that there is and will continue to be hostile feeling between the Public Defender and the petitioner, and for that reason the relationship of attorney and client can not exist . . ." From this statement we may assume that relator is not financially able to employ an attorney. The State of Indiana has

taken cognizance of persons in relator's situation and has employed a Public Defender to give legal advice, and legal attention to any proper claim they may have. Acts 1945, ch. 38, pp. 81, 82. §§ 13-1402, 13-1405, Burns' 1942 Replacement (Supp.) ; *State ex rel. Cook* v. *Howard, Warden* (1945), 223 Ind. 694, 64 N. E. (2d) 25. We know nothing about the "hostile feeling" alleged, whether it is real or feigned, but relator does not have to accept the services of the Public Defender if he does not wish to do so. However, if he does not accept that service he will then have to accept the situation in which he is thus placed by his own free choice. Having provided an attorney for him, the state has done all it can be required to do. *State ex rel. Fulton* v. *Schannen* (1946), ante, p. 55, 64 N. E. (2d) 798.

This court is without power to order a prisoner returned to the court from which he has been sentenced. Whether the proceeding there pending, if any, is such as to require the presence of the prisoner, is a matter wholly within the sound discretion of the judge of that court. The discretion thus exercised may be reviewed only on appeal. *State ex rel. Vonderschmidt* v. *Gerdink* (1946), ante, p. 42, 64 N. E. (2d) 579; *State ex rel. Fulton* v. *Schannen, supra*.

For the reasons stated relator's petition is denied.

Note.—Reported in 66 N. E. (2d) 131.