FINKENBINER *v.* DOWD, WARDEN, ETC.

[No. 28,809. Filed October 23, 1952. Rehearing denied December 5, 1952.]

*Cuthbertson & Cuthbertson* of Peru, and *Walter J. Bixler,* of Peru, for appellant.

*J. Emmett McManamon,* Attorney General and *John Ready O'Connor* and *William T. McClain,* Deputy Attorneys General, for appellee.

BOBBITT, J.—This action arises out of the filing of a petition for a writ of *habeas corpus* by appellant in the LaPorte Circuit Court seeking release from the Indiana Hospital for Insane Criminals at Michigan City.

On July 8, 1939, appellant was charged by affidavit in the Wabash Circuit Court with commission of a felony, namely: "Committing Bodily Injury upon a Police Officer." He was, on said date, apprehended and confined in the Wabash County Jail, and on the same day the Judge of the Wabash Circuit Court caused to be entered a memorandum suggesting that there were reasonable grounds for believing that appellant was insane. Subsequently the court appointed

two physicians to examine appellant and, after proper hearing, he was found not to have comprehension sufficient to understand the proceedings and make his defense and was thereupon committed to the Indiana Colony for Criminal Insane by the Wabash Circuit Court until such time as he was restored to sanity. (His disability removed.)

Appellant was, pursuant to said order, subsequently confined to said institution.

In April, 1950, the Warden of the Indiana State Prison notified the Judge of the Wabash Circuit Court that appellant had been restored to sanity, whereupon the sheriff of Wabash County was ordered to return appellant for further proceedings in the criminal action which was there pending against him. Said action was again set for trial on June 15, 1950, at which time the prosecuting attorney of Wabash County filed in writing his allegation that appellant, (the defendant) "had not sufficient comprehension to understand the nature of said proceeding against him and to formulate a defense thereto." Whereupon said cause was continued and, on November 22, 1950, a hearing was again held on the question of sanity of appellant, and the court again found that he did not have comprehension sufficient to understand the proceedings and make his defense and, upon said finding, entered an order recommitting appellant to the Indiana Hospital for Insane Criminals "until such time as he is able to comprehend the nature of the charge and make a defense thereto." Pursuant to said order appellant was again confined in the Indiana Hospital for Insane Criminals.

On February 27, 1951, appellant filed in the LaPorte Circuit Court his petition for writ of *habeas corpus,* to which a motion to quash was filed and sustained.

The only error here assigned is the sustaining of appellee's motion to quash.

We shall first consider the nature of appellant's petition[1] for writ of *habeas corpus*.

[1] Petition for writ of habeas corpus, omitting formal parts, is as follows:

### "Rhetorical Paragraph One:

"Comes now Robert Finkenbiner and respectfully shows to the Court that he is illegally held in custody and that he is wrongully restrained of his liberty in the Indiana Hospital for Insane Criminals situated in LaPorte County, State of Indiana and within the jurisdiction of this Honorable Court.

### "Rhetorical Paragraph Two:

"Your Petitioner would further show that said restraint and confinement, as above alleged, is more specifically alleged in the following subdivision of this Rhetorical Paragraph, to-wit:

### "A:

"That on the Eighth (8th) day of July, 1939, the Prosecuting Attorney of the Twenty-seventh (27th) Judicial Circuit of the State of Indiana, filed an affidavit in the Wabash Circuit Court, charging this Petitioner with a felony, to-wit: 'Committing Bodily Injury upon a Police Officer' and which criminal action was identified as Cause Number 4142 and which cause of action has, since the said Eighth (8th) day of July, 1939, and now, been pending as a cause of action in said Wabash Circuit Court.

### "B:

"That on the said Eighth (8th) day of July, 1939, a warrant issued upon the affidavit herein referred to, which warrant was served upon this Petitioner and this Petitioner confined in the Wabash County Jail.

### "C:

"That on the said Eighth (8th) day of July, 1939, the Judge of the Wabash Circuit Court caused to be entered upon the record in said Cause Number 4142, a memorandum suggesting that there was ground for believing that this Petitioner, as defendant in said Cause Number 4142, was insane and appointed two (2) physicians to examine this Petitioner and after hearing had, the Judge of the Wabash Circuit Court, found that this Petitioner did not have comprehension sufficient to understand the proceedings in said cause Number 4142, and ordered this

It is apparent on the face of said petition that appellant seeks from the LaPorte Circuit Court an order to set aside the order of the Wabash Circuit Court which resulted in his second commitment to the Hospital for Insane Criminals. This court will take judicial notice of the fact that the Wabash Circuit Court and the LaPorte Circuit Court are courts of concurrent jurisdiction.

Petitioner committed to the Indiana Colony for Criminal Insane until such time as this Petitioner is restored to sanity.

*"D:*

"That pursuant to the Order of the Judge of the Wabash Circuit Court, as alleged in the foregoing subdivision 'C' of this Petition, the Sheriff of Wabash County delivered this Petitioner into the custody of the Warden of the Indiana State Prison and said Warden accepted the custody of this Petitioner and confined him in the Hospital for Criminal Insane.

*"E:*

"That thereafter, in the month of April, 1950, the Warden of the Indiana State Prison notified the Judge of the Wabash Circuit Court that this Petitioner, as defendant in said Cause Number 4142, had been and was restored to sanity, and which notice was received by the Wabash Circuit Court and the Court ordered and directed the Sheriff of Wabash County to return this Petitioner to Wabash County for further proceedings in said Cause Number 4142; and which order was executed by the said Sheriff of Wabash County and this Petitioner returned to Wabash County and confined in the jail of said County, and this Petitioner released to be placed upon trial of said criminal offense as alleged in Cause Number 4142, and said Cause set for trial for the Fifteenth (15th) day of June, 1950.

*"F:*

"That not withstanding the exercise of the prerogatives of the said Warden of said Indiana State Prison and Superintendent of said Insane Hospital, as contemplated by and conferred upon said Warden and Superintendent by the Legislature of the State of Indiana, in the release of those confined in said Insane Hospital and more especially, this Petitioner, the Prosecuting Attorney of Wabash County, subsequent to the release of this Petitioner, as alleged in above and foregoing subdivision

Appellant's said petition further shows on its face that the Wabash Circuit Court had jurisdiction of the subject matter and of the person (appellant), and had the power to render the particular judgment which it rendered, and that after proper hearing appellant was committed to the Indiana Colony for the Criminal Insane under the provisions of §6 of ch. 298, of the Acts of 1913, p. 775, §9-1706, Burns' 1942 Replacement, "until such time as he is able to comprehend the nature of the charge and make a defense thereto." (Tr. p. 5).

The law is well settled in Indiana that one Circuit Court has no jurisdiction to issue a writ of habeas corpus setting aside an order of commitment issued by another such court which had jurisdiction of the subject matter and the person, and

of this Petition, filed in the Wabash Circuit Court in said Cause Number 4142, a paper entitled, 'Suggesting of Insanity', wherein it was alleged that this Petitioner, as defendant in said Cause Number 4142, 'had not sufficient comprehension to understand the nature of the said proceeding against him and to formulate a defense thereto.' and that the basis for the suggestion of said Prosecuting Attorney was a conversation with this Petitioner on the Twelfth (12th) day of June, 1950, and a knowledge of the acts and habits of this Petitioner and his course of conduct in the past.

"G:

"That thereafter the Judge of the Wabash Circuit Court continued said Cause and held a hearing on the question of the sanity of this Petitioner and on the Twenty-second (22nd) day of November, 1950, made a finding that 'defendant, (this Petitioner) does not have comperhension sufficient to understand the nature of the charge against him and formulate a defense thereto', and upon the basis of said finding ordered this Petitioner committed to the Indiana Hospital for the Criminal Insane until such time as he is able to comprehend the nature of the charge and make a defense thereto.

"H:

"That pursuant to the order above alleged, this Petitioner was delivered to the Warden of the Indiana State Prison and

the power to render the particular judgment. *Witte* v. *Dowd* (1951), 230 Ind. 485, 102 N. E. 2d 630; See also: *Wood* v. *Dowd, Warden* (1943), 221 Ind. 702, 51 N. E. 2d 356; *Ingersoll* v. *Kunkel, Warden* (1936), 210 Ind. 482, 4 N. E. 2d 183; *State ex rel. Kunkel* v. *LaPorte Circuit Court* (1936), 209 Ind. 682, 200 N. E. 614; *Goodman* v. *Daly, Warden* (1929), 201 Ind. 332, 165 N. E. 906; *Stephenson* v. *Daly* (1928), 200 Ind. 196, 158 N. E. 289.

While a writ of habeas corpus is a writ of liberty, if it appears that the detention complained of is by virtue of a proper process of court, the writ will not be granted unless the proceedings or judgment supporting the process is absolutely void. *State ex rel. McManamon* v. *Blackford Cir. Ct.* (1950), 229 Ind. 3, 95 N. E. 2d 556; *State ex rel. Cook* v. *Howard, Warden* (1946), 223 Ind. 694, 64 N. E. 2d 25.

---

Superintendent of said Hospital for Criminal Insane and deprived of his liberty and of a trial on the Criminal Charge in said Cause Number 4142, all in violation of the laws of the State of Indiana and the Constitution of this State and the Constitution of the United States of America.

*"Rhetorical Paragraph Three:*

"That this Petitioner is entitled to his release from confinement in the Indiana Hospital for Criminal Insane for each of the separate reasons, as follows, to-wit:

*"A:*

"That this Petitioner is illegally held and deprived of his rights as a result of his release as alleged in subdivisions 'E' and 'F' of the Second Rhetorical Paragraph of this Petition.

*"B:*

"That this Petitioner was sane on the day and date of his release from the Indiana Hospital for Criminal Insane as alleged in sub-division 'E' of Rhetorical Paragraph Two (2) of this Petition and had at the time comprehension sufficient to understand the nature of the charge against him and to formulate a defense thereto.

We are mindful of the fact that the cases above cited involved commitments based upon convictions and final judgments in criminal prosecutions. However, appellant's commitment to the Indiana Hospital for Insane Criminals under said §9-1706, Burns' 1942 Replacement, *supra,* is based upon a finding of the Wabash Circuit Court in a criminal proceeding, hence the rules announced in the decisions above cited apply with equal force to the facts in the case at bar.

Appellant's petition shows on its face that he is being held by virtue of a proper order of the Wabash Circuit Court and there is no showing that the proceedings or the order supporting the commitment was void. The Wabash Circuit Court had jurisdiction to enter the order and issue the commitment which returned appellant to the Indiana Hospital for Insane Criminals and it follows that the LaPorte Circuit Court has no power to issue a writ of habeas corpus to set aside the order of commitment issued herein by the Wabash Circuit Court.

*Second:* Appellant contends that his constitutional rights have been violated and denied by his second com-

---

"*C:*

"That this Petitioner is now sane and has comprehension sufficient to understand the nature of the charge against him and formulate a defense thereto.

"*D:*

"That this Petitioner is not now committed or held in custody by any committment issued upon any final judgment of any court, in the State of Indiana or the United State of America.

"WHEREFORE, this Petitioner respectfully asks that a writ of Habeas Corpus ·may be issued to the said defendant, Alfred F. Dowd, Warden of the Indiana State Prison and Superintendent of the Indiana Hospital for Criminal Insane, as aforesaid, and that this Petitioner may be discharged from his said restraint and imprisonment and for all other proper relief."

mitment to the Indiana Hospital for Insane Criminals. If, as appellant contends, his constitutional rights have been invaded or denied his remedy under the facts in the case at bar must be found in the court in which the judgment, upon which said commitment was issued, was rendered, or in this court on appeal. Section 9-1706a, Burns' 1942 Replacement, Acts 1951, ch. 238, §2, p. 682; *State ex rel. Cook* v. *Howard, Warden* (1946), 223 Ind. 694, 64 N. E. 2d 25, *supra; Dowd, Warden* v. *Anderson* (1942), 220 Ind. 6, 40 N. E. 2d 658; *In the Matter of William T. Underwood* (1875), 30 Mich. 502.

*Third:* Appellant also alleges in his petition that he "is now sane and has comprehension sufficient to understand the nature of the charge against him and formulate a defense thereto" and relies upon §22-1223, Burns' 1950 Replacement, Acts 1927, ch. 69, §23, p 179, for his right to apply to the LaPorte Circuit Court for a writ of habeas corpus by which he attempts to establish his sanity, and that he has comprehension sufficient to understand the nature of the charge pending against him in Wabash County.

The title to said ch. 69 of the Acts of 1927, is as follows: "An Act concerning insanity inquests, the procedure in adjudging persons insane, the commitment of insane persons to hospitals for insane, their care pending admission, their discharge therefrom, the apprehension and return of insane patients and prohibiting the kidnapping or aiding the escape of insane persons." It is clear from a consideration of the title of said act, together with its entire provisions, that it applies only to those persons who, as a result of an insanity inquest, held in the manner provided in said act, are committed to *any* hospital for insane *as an insane person,* and does not apply to persons who

may be committed to an institution for the criminal insane under the provisions of ch. 298, of the Acts of 1913, *supra*.

Section 9-1706, *supra*, under which appellant was committed to the State Hospital for the Insane by the Wabash Circuit Court is a part of our criminal statutes and provides a specific method for committing a person charged with crime, who "has not comprehension sufficient to understand the proceedings and make his defense," to the Indiana Colony for the Criminal Insane, (to the Division for Maximum Security of the Dr. Norman M. Beatty Memorial Hospital—Acts 1951, ch. 238, §2, p. 682, §9-1706a, Burns' 1951 Supp.) until such time as the person shall have become sane, (his disability removed).

Said §9-1706, supra, provides, in part, as follows: "Whenever the defendant shall become sane the superintendent of the insane hospital shall certify the fact to the proper court, who shall enter an order on his record directing the sheriff to return the defendant, or the court may enter such order in the first instance *whenever he shall be sufficiently advised of the defandant's restoration to sanity.* (Our italics.)

This furnishes appellant an adequate remedy for his alleged wrong and it is sufficient to supply the necessary elements of due process. *McKee et al.* v. *Hasler et al.* (1951), 229 Ind. 437, 464, 98 N. E. 2d 657.

Under this provision appellant is not dependent upon the action of the superintendent of the institution in which he is confined for a re-examination of his sanity but may, by petition, advise the court from which he was committed of his restoration to sanity, and the court, upon being sufficiently advised thereof, shall enter an order directing the sheriff to return the

defendant to the county from which he was committed for the purpose of being placed upon trial for the criminal offense pending against him. This section affords appellant his "day in court" and specifically provides a method by which he may be released from the custody of the superintendent of the institution in which he is confined. Under this section he may, by way of petition, allege his restoration to sanity and, after proper hearing, the court will decide the issue.

*Fourth:* Appellant further contends that by the second order of the Wabash Circuit Court upon which he was recommitted to the State Hospital for Insane Criminals he was deprived of his liberty and his right to a trial upon the criminal charge pending against him in violation of the "laws of the State of Indiana and the Constitution of this State and the Constitution of the United States of America."

The question of whether, when in a criminal proceedings a court has found that a defendant does not have comprehension sufficient to understand the nature of the charge against him and formulate a defense thereto, and has committed such defendant to the State Hospital for Insane Criminals, and subsequently such defendant is declared sane by the superintendent of such institution and returned to stand trial on the criminal charge pending against him, the court can again, at the time of the second trial, determine his competency, is one of first impression in this court.

By the provisions of §9-1706, *supra,* the Legislature has placed in the court in which a criminal charge is pending the power (jurisdiction) to determine the competency of the defendant and, if found incompetent and without understanding as to the nature of the offense against him, and is unable to formulate a defense to

such charge, to commit him to the Indiana State Hospital for Insane Criminals. Having assumed this jurisdiction in the case at bar, the Wabash Circuit Court will retain it so long as the criminal charge is there pending against appellant. *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 215, 216, 84 N. E. 2d 585; *State ex rel. Cook* v. *Madison Circuit Court* (1923), 193 Ind. 20, 27, 138 N. E. 762.

The Wabash Circuit Court has the sole jurisdiction under the provisions of said §9-1706, *supra,* to determine when, and if, defendant has sufficient comprehension to understand the criminal proceedings there pending against him and make his defense thereto, and it does not lose jurisdiction to determine this question because the superintendent of the State Hospital for Insane Criminals where appellant was confined notified the judge of said Wabash Circuit Court in the month of April, 1950, that appellant had been restored to sanity and he was subsequently returned to Wabash County to face trial a second or subsequent time. *In re Ostatter, Petitioner* (1918), 103 Kan. 487, 175 P. 377; See also: 88 A. L. R., Annotation, p. 1084.

For the reasons above set forth the LaPorte Circuit Court did not err in sustaining appellee's motion to quash the writ of habeas corpus, and the judgment of said trial court is affirmed.

Judgment affirmed.

Gilkison, J., dissents with opinion.

NOTE.—Reported in 108 N. E. 2d 261.

## DISSENTING OPINION

GILKISON, J.—I am unable to agree with the opinion that: "The law is *well* settled in Indiana that one Cir-

cuit Court has no jurisdiction to issue a writ of habeas corpus setting aside an order of commitment issued by another such court which had jurisdiction of the subject matter and the person, and the power to render the particular judgment." I am unable to agree with the further statement that: "While a writ of habeas corpus is a writ of liberty, if it appears that the detention complained of *is by virtue of a proper process of court*, the writ will not be granted unless the proceedings or judgment supporting the process *is absolutely void*." (My italics.)

No question of law is ever *well* settled until it is settled *right*. It is true the Indiana cases cited in the opinion hold as stated in the opinion, but in so far as they support the propositions noted they are in direct contravention of Art. 1, §9, Cl. 2 of the Constitution of the United States, as follows:

"The privilege of the writ of habeas corpus shall not be suspended, unless when in case of rebellion or invasion the public safety may require it."

It is also in contravention of Art. 1, §27, of the Indiana Constitution, providing that:

"The privilege of the writ of habeas corpus shall not be suspended, except in case of rebellion or invasion; and then, only if the public safety demand it."

Implementing the habeas corpus provisions of our constitutions, the Indiana General Assembly very properly enacted a statute as follows:

"Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." Section 3-1901. Burns' 1946 Replacement.

The venue of habeas corpus proceedings is specifically fixed by statute, Section 3-1905 Burns' 1946 Replacement, thus:

"Writs of habeas corpus may be granted by the circuit or superior courts of the county in which the person applying therefor may be restrained of his or her liberty, or by the judges of said courts, whether in term or vacation; or if said judges be absent from their circuits, or by reason of sickness or other cause be unable or incompetent to hear and determine the same, then by any such judge of any adjoining circuit, and upon application, the writ shall be granted without delay."

It is further provided that the writ shall be directed to the officer or party having the person under restraint. Section 3-1907 Burns' 1946 Replacement.

It has been a consistent holding of this court, agreeable with the above statutes that a habeas corpus proceeding should be brought in the county where the person applying is restrained of his liberty. *Ex Parte Wiley* (1871), 36 Ind. 528; *Murphy* v. *Daly* (1934), 206 Ind. 179, 184, 188 N. E. 769; *State ex rel. Bevington* v. *Myers, Judge* (1942), 220 Ind. 149, 150, 41 N. E. 2d 358; *Newsom* v. *Miles* (1942), 220 Ind. 427, 428, 44 N. E. 2d 297; *State ex rel. Howard* v. *Hamilton Circuit Court* (1946), 224 Ind. 220, 222, 66 N. E. 2d 62. The statutes above quoted are in aid of the assertion of the habeas corpus right and are therefore agreeable with the federal and state constitutions.

However, we have another statute which, if enforced (as it has been), rather completely nullifies the habeas corpus provisions of both constitutions, thus:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of

commitment has not expired in either of the cases following:

"....

"Second. Upon any process issued on any final judgment of a court of competent jurisdiction.

"...." Section 3-1918 Burns' 1946 Replacement.

Thus we have the anomalous situation that the citizen must bring his habeas corpus proceeding in the circuit or superior court of the county in which he is unlawfully restrained, agreeable with Section 3-1905 Burns' 1946 Replacement, and then, those courts are forbidden to hear and determine his petition. This is a rank contradiction of Section 3-1901 Burns' 1946 Replacement, supra. The majority opinion and all the authorities upon which it relies are based upon this contradicting statute. None is based upon Section 3-1901, supra. Of course, everyone who is committed to any of the state penal institutions is committed on a final judgment of a court of competent jurisdiction. These institutions include all the jails in the several counties of the state, the state Penal Farm, the Indiana Reformatory, the Indiana State Prison, the Indiana Women's Prison, the Indiana Boys' School, the Indiana Girls' School, and the Indiana Hospital for Insane Criminals, into which hopeless epileptics and insane criminals are cast indiscriminately,[1] where appellant is now restrained. Under this statute it is only when someone is kidnapped and held for ransom or some other wrongful purpose that the "Great Freedom Writ" can issue in Indiana. This statute is a direct circumvention of the habeas corpus provisions of our constitutions aforenoted. The several authorities cited in the opinion are based wholly upon this statute and like the statute they

[1] See Dowd v. Harmon (1951), 229 Ind. 254, 96 N. E. 2d 902.

are in circumvention of our constitutions. Because of this statute and these decisions this court recently rather suggestively and truthfully determined and announced: *"Habeas corpus* is a statutory proceeding in the State of Indiana."[2] The learned judge, who made the statement, cited the statute, §3-1918, as his authority. If we continue to give force and effect to that statute, that peculiar statement is true. We have very properly overruled the case in which this announcement was made[3] because the decision overruled is in circumvention of our constitutions. To be logical and true to our duty we should declare the statute unconstitutional, and all the cases based upon it will fall with it. It must always be true that "An unconstitutional provision cannot be the basis of lawful proceedings." *Greencastle Tp. et al.* v. *Black* (1854), 5 Ind. 557, 564.

So long as we try to protect this statute, we simply deny habeas corpus to prisoners. It has been said truthfully of habeas corpus in Indiana that,

> ". . . Despite the fact that it is protected from suspension by the state constitution, it has become encased in a statutory and judicial straight-jacket which has made it practically unavailable as a vehicle for safeguarding the constitutional rights of prisoners. . . ."[4]

This anomalous situation has caused unexplanable decisions in a number of recent cases.[5] It is true our

---

[2] See State ex rel. Barnes v. Howard (1946), 224 Ind. 107, 109, 65 N. E. 2d 55.

[3] See Witte v. Dowd (1951), 230 Ind. 498, 102 N. E. 2d 630, 633.

[4] See 26 Indiana Law Journal 529, 530.

[5] See Todd v. State (1951), 229 Ind. 664, 101 N. E. 2d 45. Todd v. State (1948), 226 Ind. 496, 81 N. E. 2d 530. Dowd v. Harmon (1951), 229 Ind. 254, 96 N. E. 2d 902. Slack v. Grigsby (1951), 229 Ind. 335, 97 N. E. 2d 145. Witte v. Dowd (1951), 230 Ind. 498, 102 N. E. 2d 630.

court has attempted to accomplish by *coram nobis* some of the ends the constitutions compel us to accomplish by habeas corpus.[6] To me this proceeding seems quite hypocritical, and we should have the courage to abandon it now, and in its stead to recognize habeas corpus as commanded by the constitution and the implementing statute, Section 3-1901 supra. I think the statement of Treanor, J. in *State, ex rel. Eggers* v. *Branaman* (1932), 204 Ind. 238, 247, 183 N. E. 653 is correct, thus:

> "A defendant, however, is under no duty to take advantage of any particular legal remedy which may happen to be available at the risk of being precluded from attacking in a habeas corpus proceeding an alleged void judgment. The remedy of habeas corpus is more fundamental and far-reaching as against void judgments than the remedy of appeal. The right to a writ of habeas corpus is a part of the law of the land and if the facts justify relief thereunder a party is entitled to this relief even though the same result might have been achieved by the more common remedy of appeal."

It cannot matter what other remedies appellant might have pursued. He was and is entitled to question the legality of his detention by habeas corpus. By refusing to allow prisoners the constitutional right to the writ we compel them to apply to the Federal courts where the writ is granted, and they are permitted to go behind the judgment of commitment and show the facts (usually the denial of constitutional rights) that make the judgment void.

So far as this appeal is concerned, no question is presented to us as to whether appellant's restraint was or is void. The facts were not heard by the court. The only question presented is: Is appellant entitled to

---

[6] See State ex rel. McManamon v. Blackford C. Ct. (1950), 229 Ind. 3, 12, 95 N. E. 2d 556, and the many cases there cited.

present the matter to the circuit court of the county where he is restrained and to have that court determine, from the facts presented in evidence, whether the restraint is lawful or unlawful. At the present time the entire matter is determined by the statute to which I have called attention, and agreeable with its terms every applicant is brushed off without a trial. Under our decisions the trial courts are compelled to obey its commands.

In addition, it will be noted that no final judgment has ever been rendered against appellant by any court, yet he has been restrained of his liberty for more than thirteen years. With this decision against him, he is doomed for life imprisonment without ever having had a trial, and without any judgment against him. I think he is entitled to have the cause of his restraint inquired into, in his habeas corpus proceeding and to be "delivered therefrom if it is illegal."

I think the judgment should be reversed with instructions to overrule the motion to quash.

NOTE.—Reported in 108 N. E. 2d 261.