COOK *v.* STATE OF INDIANA

[No. 28,766. Filed March 28, 1951; No. 29,033. Filed March 26, 1953.]

696

*William S. Isham,* of Fowler, for petitioner.

*J. Emmett McManamon,* Attorney General, *John Ready O'Connor,* and *George W. Hand,* Deputy Attorneys General, for State of Indiana.

DRAPER, J.—On July 23, 1931, one Lawrence E. Cook was convicted of the crime of murder in the Jennings Circuit Court. He was sentenced to life imprisonment and immediately confined in the state prison. Within the six months period then allowed for appeal as of right by Indiana law, he prepared papers for appeal to this court. His efforts to file the same were frustrated by the warden, acting pursuant to prison rules. Subsequently, but after the six months period had expired, the ban on sending papers from the prison was lifted.

In 1937 Cook unsuccessfully sought review of his conviction by *coram nobis. Cook v. State* (1941), 219 Ind. 234, 37 N. E. 2d 63; *State ex rel. Cook* v. *Wickens, Special Judge* (1944), 222 Ind. 383, 53 N. E. 2d 630. In 1945 he sought *habeas corpus* in the county in which the state prison is located. From an adverse decision in the trial court he appealed to this court. We affirmed, *State ex rel. Cook* v. *Howard, Warden* (1946), 223 Ind. 694, 64 N. E. 2d 25, and in our opinion suggested that if Cook had been denied the privilege of appealing his case by the conduct of the warden and employees of the prison, until the time

allowed by statute for an appeal had expired, that fact would not nullify the judgment of conviction, although it might entitle him to a delayed appeal.

In 1946 Cook petitioned this court for a delayed appeal. The petition was denied.[1] In 1948, Cook brought a habeas corpus proceeding in the United States District Court for the Northern District of Indiana. After hearing the evidence the court found the facts substantially as above set out, held that there had been a denial of equal protection of the law for which the State provided no remedy, and on March 10, 1949, ordered Cook's discharge. The Court of Appeals for the Seventh Circuit affirmed, *United States* v. *Dowd* (1950), 180 F. 2d 212, in an opinion which furnishes the full historical background of this litigation up to that point.

On review, in *Dowd* v. *United States* (1951), 340 U. S. 206, 95 L. Ed. 215, 71 S. Ct. 262, the Supreme Court of the United States affirmed the holding of the lower courts that Cook was the victim of a discriminatory denial of his statutory right of appeal in violation of the Equal Protection Clause of the Fourteenth Amendment, and in its opinion the court says:

> "There remains the question of the disposition to be made of this case. Fortunately, we are not confronted with the dilemma envisaged by the

---

[1] The petition alleged that Cook's counsel had timely filed a motion for new trial, but after it was overruled, had refused to prosecute an appeal because Cook was without funds. It also alleged the facts and circumstances out of which his inability to get his papers on file arose. The petition was supported by affidavits, and counter-affidavits were filed. The petition was denied in an unreported order, from which it appears that this court regarded the allegation concerning counsel's refusal to appeal without fees as the basic allegation, which allegation the court found to be untrue. The issue of Cook's inability to file his papers was not expressly decided.

State of having to choose between ordering an absolute discharge of the prisoner and denying him all relief. The District Court has power in a habeas corpus proceeding to 'dispose of the matter as law and justice require.' 28 U. S. C. §2243. The Fourteenth Amendment precludes Indiana from keeping respondent imprisoned if it persists in depriving him of the type of appeal generally afforded those convicted of crime. On the other hand, justice does not require Indiana to discharge respondent if such an appeal is granted and reveals a trial record free from error. Now that this Court has determined the federal constitutional question, Indiana may find it possible to provide the appellate review to which respondent is entitled. The judgments of the Court of Appeals and the District Court are vacated and the case remanded. On remand, the District Court should enter such orders as are appropriate to allow the State a reasonable time in which to afford respondent the full appellate review he would have received but for the suppression of his papers, failing which he shall be discharged. See *Mahler* v. *Eby*, 264 U. S. 32, 46."

On February 27, 1951, the United States District Court for the Northern District of Indiana entered an order as follows:

"The court in obedience to the mandate of the Supreme Court of the United States in the cause of Alfred F. Dowd as Warden of the Indiana State Prison, petitioner v. The United States of America ex rel. Lawrence E. Cook, 340 U. S. 206 (1951), now vacates and sets aside its order as entered in this cause on March 10, 1949.

"It appearing to the court that the Supreme Court of Indiana shall be allowed the opportunity to grant to the respondent a full review of his conviction on appeal, the petitioner is hereby granted forty-five days within which to petition the Supreme Court of Indiana for such full review of respondent's conviction.

"It is now ordered that the bond heretofore given by the respondent in this cause shall be

continued until full disposition of this appeal be made by the State of Indiana.

"The respondent is further ordered to appear in this court at the end of forty-five days for further disposition of this cause."

Thereafter, on March 10, 1951, in a petition entitled as above, the State of Indiana, by its Attorney General, filed in this court its petition requesting that Cook be granted the right to file a late appeal from said conviction, in said petition referring to the decision of the Supreme Court of the United States and the order of the District Court made pursuant to the mandate thereof. Notice of the filing thereof was duly served. No pleadings or papers have been filed in this matter by or on behalf of Cook.

So far as we know, the situation presented here is unique. Our attention has not been directed to any case like it. Like *Slack* v. *Grigsby,* decided this term, 229 Ind. 335, 97 N. E. 2d 145, the disposition of it requires this court to break new procedural ground. We have never before authorized a delayed appeal at the instance of the State.

The Supreme Court of the United States recognizes the validity of the judgment of conviction. The violation of Cook's rights does not work his discharge on the writ, but "nothing short of an actual appellate determination of the merits of the conviction—according to the procedure prevailing in ordinary cases—would cure the original denial of equal protection of the law." He must be accorded an opportunity, equal with all others, to obtain whatever relief may be available to a party after he has been convicted of crime.

Where an appeal has not been taken within the normal time allowed by the rules relating to appeals,

this court has inherent authority to extend the ██ time and accept jurisdiction of the appeal, for sufficient reason shown. *State ex rel. Cook* v. *Howard, Warden, supra; State ex rel. Barnes* v. *Howard* (1946), 224 Ind. 107, 65 N. E. 2d 55. The obstruction of Cook's efforts to perfect his appeal furnish good cause for granting him a delayed appeal. Cf. *Tinkoff* v. *Zerbst* (1936), (C. C. A. 10th) 80 F. 2d 464. The Supreme Court of the United States has decided that under the facts in this case Cook's efforts to perfect his appeal were so obstructed that a denial of equal protection of the law resulted. That decision is binding upon this court, and it is one to which we cheerfully yield.

The mandate of the Supreme Court of the United States, and the order of the District Court entered pursuant thereto, seem to put the burden upon the State of Indiana to go forward and take affirmative steps to afford Cook the rights which have been denied him. The Attorney General so construes them, we think rightly. It seems to us immaterial on whose motion action is taken in this matter if such action is in furtherance of justice. This court once erroneously denied Cook's petition for a delayed appeal. It would hardly be incumbent upon him to again move in the same direction.

Constitutional rights should not be grudgingly extended. The state should not hesitate—in fact it should hasten—to initiate whatever steps may result in ██ according Cook all the rights to which he is entitled. We think the petition of the state should be granted, and Cook should be given the right to file a delayed appeal from his original conviction in the Jennings Circuit Court; that he should be given 180 days within which to file his transcript and bill of

exceptions in such appeal, in accordance with the statutory requirements in effect at the time of his conviction, and that he should be granted all necessary further relief to afford to him equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

A question of importance remains. It may be that, after this considerable lapse of time, a bill of exceptions containing the evidence cannot be procured, thus making it impossible, through no fault of the defendant, for this court to review the original judgment of conviction. If that situation should develop, a new trial should be granted unless the parties can agree upon a bill of exceptions. *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338. See also *State* v. *McCarver* (1893), 113 Mo. 602, 20 S. W. 1058; *Gibbs* v. *State* (1923), 23 Okla. Crim. Rep. 247, 214 P. 745; *Crittendon* v. *State* (1929), 44 Okla. Crim., Rep. 415, 281 P. 315; Anno. 13 A. L. R. 102; 107; A. L. R. 603.

The petition of the State of Indiana is granted. A certified copy of this opinion and the order this day entered is ordered served forthwith upon the Jennings Circuit Court and that court is directed to proceed in a manner not inconsistent with the views herein expressed.

NOTE.—Reported in 97 N. E. 2d 625.

No. 29033

GILKISON, J.—This is an original petition filed in this court by Lawrence E. Cook. It is a continuation of the cases of *Cook* v. *State* (1941), 219 Ind. 234, 37 N. E. 2d 63; *State ex rel. Cook* v. *Wickens, Special Judge* (1944), 222 Ind. 383, 53 N. E. 2d 630; *State*

*ex rel. Cook* v. *Howard, Warden* (1945), 223 Ind. 694, 64 N. E. 2d 25; *Cook* v. *State* (1946), No. 28,236, in which petitioner's application for permission to file a belated appeal, as suggested in our opinion in 223 Ind. 694, was denied by an unreported order of this court; *Dowd* v. *United States ex rel. Cook* (1950), 340 U. S. 206, 71 S. Ct. 262, 95 L. ed. 215, and a case entitled Cook v. State, 231 Ind. 695, 97 N. E. 2d 625, which was in fact a petition of the State of Indiana, by its attorney general, praying that this court grant the prisoner, Cook, the right to file a delayed appeal from a judgment rendered in cause No. 2810 in the Jennings Circuit Court on July 23, 1931. By the opinion in that case, the petition of the state was granted, and it was then ordered that the petitioner, Cook, be given 180 days from the 28th day of March, 1951 within which to file the record and bill of exceptions, assignment of errors, etc. in the original cause, in this court.

On September 7, 1951, Lawrence E. Cook filed his petition, setting forth that he and his attorneys have made every effort to procure a bill of exceptions in said original cause No. 2810 from the Jennings Circuit Court. That said court is unable to locate or procure any of the exhibits, and being numbered from A to P, introduced in evidence at the trial, and that the official reporter's note book No. 2, containing the shorthand notes of much of the testimony of witnesses, is lost and cannot be found. For these reasons it is not possible to procure a longhand transcript of all the evidence to incorporate into a bill of exceptions for appeal. That it is not possible for him and the state to agree upon a transcript of the evidence for the purpose of appeal.

On October 19, 1951, the state, by its attorney general, filed its answer to the petition, in which it agreed

with petitioner's statement relating to the inability of the trial court to provide a bill of exceptions for the delayed appeal. However, the state insists that if the trial court is unable to provide a bill of exceptions, containing all the evidence etc. for the use of the losing party on appeal, it is the trial court's right to grant the losing party a new trial, citing *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338. That case in substance holds that one who is prevented from having an appeal of his case by reason of the "misprison of an officer of the court" will not be denied a remedy. With that legal principle we agree. However, in that case the matter was before this court on appeal from a judgment, expunging a record setting aside a ruling on a motion for new trial and denying defendant's petition for equitable relief. In that situation this court was able to determine the issues presented and to order a new trial.

We have before us now, not an appeal, but an informative petition relative to our opinion in the cause of *Cook* v. *State*, 231 Ind. 695, 97 N. E. 2d 625, and showing the impossibility of an appeal by reason of the inability of the trial court to prepare and certify a full, true and complete bill of exceptions, containing the evidence etc. given in the trial of the cause. There is a showing that all the exhibits, being from "A to P", sixteen in number, are wholly lost and one of the reporter's shorthand notebooks of the evidence is likewise wholly lost. It has been twenty-two years since the cause was tried. Knowing something about the manner in which exhibits are kept and the facilities therefor in many courts of this state, we cannot say that the loss of the exhibits or notebook

in this case constitutes negligence by the trial court, its clerk, sheriff, reporter or other officers or assistants.

In 231 Ind. 695, 97 N. E. 2d 625 we indicated our belief that, under the circumstances surrounding this litigation, the petitioner, Cook, should be granted a new trial if such be sought, but we have no authority in this proceeding to order a new trial of the petitioner and he does not ask that we do so. Moreover, it now appears that, because of the loss of exhibits and the death of witnesses, a new trial could not accomplish the ends of justice if one were had.

We have complied with the suggestions of the United States Supreme Court and the United States District Court for the Northern District of Indiana by giving the petitioner ample time to complete his delayed appeal, and are prepared to give him more time should he ask it. But more time could not assist him and he does not ask it. It would only delay and possibly enlarge his already overwhelming difficulties. Anyway, granting more time could not find the lost exhibits and notebook or be of any assistance in finding them. It could not bring to life deceased witnesses.

We think it is definitely shown that it is impossible for the trial court to afford petitioner a bill of exceptions containing all the evidence given at his original trial, and because thereof it is impossible for him to have a complete appellate review in this court of the judgment of conviction rendered against him in the Jennings Circuit Court on July 23, 1931.

Under the circumstances prevailing, it is believed to be best that some final action be taken in the case in so far as the courts of the state of Indiana are concerned.

It is, therefore, ordered, that the order of this court issued on March 28, 1951, granting Lawrence E. Cook

180 days within which to file his transcript and bill of exceptions in appeal of his said cause No. 2810 from the Jennings Circuit Court to this court be, and the same is, hereby set aside and held for naught and this matter is adjudged ended.

Emmert, C. J., not participating.

NOTE.—Reported in 110 N. E. 2d 749.