STATE EX REL. HOWARD *v.* HAMILTON CIRCUIT COURT ET AL.

[No. 28,189. Filed April 17, 1946.]

James A. Emmert, Attorney General, *Frank E. Coughlin*, First Assistant Attorney General, and *Byron C. Kennedy*, Deputy Attorney General, for relator.

*Cassius M. Gentry*, pro se.

YOUNG, C. J.—One Stephenson was convicted of murder in the second degree in the Hamilton Circuit Court in 1925 and was committed to the Indiana State Prison to serve a sentence of life imprisonment. In November, 1944, he filed a petition for a writ of error *coram nobis* in the Hamilton Circuit Court and the warden of the State Prison was ordered by the judge of that court to deliver to the sheriff of Hamilton County the person of said Stephenson for the purpose of bringing him to Hamilton County for hearing on his *coram nobis* petition.

Thereafter such proceedings were had in the *coram nobis* action that a special judge was appointed and heard the case and denied the petition and ordered Stephenson remanded to the custody of the warden of the State Prison. Following such order, but on the same day, Stephenson filed in the Hamilton Circuit Court his verified petition for a writ of *habeas corpus*

and the regular judge of the Hamilton Circuit Court directed the sheriff of Hamilton County to retain said Stephenson until hearing could be had in the *habeas corpus* proceeding. The sheriff thereafter refused to deliver the person of said Stephenson to petitioner as ordered by the special judge in the *coram nobis* proceeding and held him as ordered by the regular judge of the Hamilton Circuit Court in the *habeas corpus* proceeding.

In this situation petitioner filed his original action in this court asking for writs of prohibition and mandate against respondents. A temporary writ of prohibition was issued, commanding respondents to refrain from making further orders or from enforcing or attempting to enforce any of the orders theretofore made in or in connection with the *habea corpus* proceeding.

The controlling question before us is the jurisdiction of the Hamilton Circuit Court to entertain the petition for a writ of *habeas corpus* which Stephenson had filed in that court. Following the reasoning in *Murphy* v. *Daly* (1933), 206 Ind. 179, 188 N. E. 769, we hold that the Hamilton Circuit Court was without jurisdiction in the *habeas corpus* proceeding.

In *Murphy* v. *Daly, supra,* the appellant had been convicted of bank robbery in the Parke Circuit Court (No. 4794) and was committed to the State Prison in LaPorte County. Subsequently he filed in the original criminal case a petition for a writ of error *coram nobis*. He had been convicted before a special judge and this special judge heard the matter and sustained a demurrer to the petition for a writ of error *coram nobis* and disposed of same. Over a year later a second writ of error *coram nobis* was filed and docketed in the Parke Circuit Court (No. 10385) as an independent action before the regular judge who disqualified himself because he

had once served as counsel for appellant and appointed another and different special judge. This special judge found for petitioner and granted him a new trial, fixed his bond, and upon failure to furnish same remanded him to the custody of the sheriff of Parke County. Thereafter, pursuant to statute (§ 3-1905, Burns' 1933), Murphy applied to the Vigo Superior Court for a writ of *habeas corpus*. Upon petition of the prosecutor this court granted a writ prohibiting further proceedings in the *habeas corpus* case and the second *coram nobis* action upon the ground that such second proceedings in the Parke Circuit Court were void. There was no written opinion by this court in the prohibition case just mentioned, but in the *Murphy* v. *Daly* case cited above, which was an appeal from a judgment by the Superior Court of LaPorte County denying *habeas corpus,* this court explained its action in the prohibition case in the following language on pages 184 and 185:

"As to the *habeas corpus* proceeding in the Vigo Superior Court, Judge Earl Mann presiding, it is true that at that time appellant was in the custody of the sheriff of Parke County, but since the proceedings in cause No. 10385 were void, such sheriff, as a matter of law, must be regarded as having had the custody of appellant as a representative of the warden of the Indiana State Prison. Appellant was therefore in charge of the warden under the sentence and committment issued by the Parke Circuit Court in cause No. 4794, which appears to be in full force and effect. We judicially know that the Indiana State Prison is located in LaPorte County wherein there is a circuit and superior court, either of which has exclusive jurisdiction to issue writs of *habeas corpus* on application of any one restrained of his liberty in such prison. Acts 1881, *supra; Ex Parte Wiley* (1871), 36 Ind. 528. Hence, the Vigo Superior Court was without jurisdiction to entertain appellant's application for a writ of *habeas corpus.*"

The Murphy *habeas corpus* case in Vigo County and the case before us are closely analogous. In the Murphy case, the appellant was taken to Parke County for a hearing on his *coram nobis* petition. The writ was granted but subsequently in this court the *coram nobis* proceedings were held void. Murphy remained in the custody of the sheriff of Parke County but only as a representative of the warden of the Indiana State Prison. He was held by virtue of the commitment in the original criminal case and was in charge of the warden of the State Prison located in LaPorte County. It was held that courts in that county had *exclusive* jurisdiction to issue a writ of *habeas corpus* for Murphy even though Murphy physically was not in the prison or in LaPorte County and that the Vigo Superior Court was without jurisdiction to entertain appellant's application for a writ of *habeas corpus*. The situation before us is almost identical. Stephenson was brought to Hamilton County for the purpose of a trial upon his petition for a writ of error *coram nobis*. When that hearing was concluded the purpose for which he was brought to Hamilton County had been served and the judge sitting in same ordered him returned to the custody of petitioner and thereafter the custody of Stephenson by the sheriff of Hamilton County was as a representative of petitioner. As a matter of law he was in charge of the warden under the sentence and commitment in the original criminal cause, and constructively was in the State Prison in LaPorte County. The Hamilton Circuit Court was therefore without jurisdiction to entertain appellant's application for a writ of *habeas corpus* and respondents should be restrained and prohibited from proceeding further in said *habeas corpus* case. The order made in said *habeas corpus* proceeding directing the sheriff of Hamilton

County to retain said Stephenson, is void and should be expunged, and the sheriff of Hamilton County should forthwith deliver said Stephenson to petitioner.

We have given careful consideration to respondents' answer. The points therein made do not go to the question of jurisdiction of the Hamilton Circuit Court to entertain Stephenson's petition for a writ of *habeas corpus* and therefore are not pertinent in this case and have not been discussed.

It is therefore ordered that the temporary writ of prohibition heretofore entered herein be and it hereby is made permanent and the respondent, Gentry, is hereby orderd and directed forthwith to vacate the order heretofore made in said *habeas corpus* case directing the sheriff of Hamilton County to retain said Stephenson.

Note.—Reported in 66 N. E. (2d) 62.