CAMPBELL :CARVER *v.* O'NEAL, SHERIFF OF MARION COUNTY, WHELCHEL, SUPERINTENDENT OF INDIANA STATE REFORMATORY.

[Nos. 30,068 and 30,069. Filed November 27, 1962.
Rehearing denied July 2, 1963.]

*William C. Erbecker,* of Indianapolis, for appellants.

*Edwin K. Steers,* Attorney General, *William D. Ruckleshaus,* and *Patrick D. Sullivan,* Deputy Attorneys General, for appellees.

JACKSON, C. J.—These are appeals from the denial of Writs of Habeas Corpus filed by appellants in the Marion Criminal Court, Div. 2. Upon petition by appellants the two cases here are consolidated and so treated in this opinion.

Briefly, the factual situation, as disclosed by the record, was that on and prior to April 29, 1960, appellants were on parole from the Indiana Reformatory.

That on or about April 29, 1960, appellant, Campbell, was arrested on an affidavit charging him with violation of the 1935 Firearms Act, confined in the Marion County Jail without bond, and was also held on a charge of Parole Violation. On or about the 20th day of October, 1960, appellant, Campbell, was discharged of the crime of violation of the 1935 Firearms Act, but was then detained because of the "so-called and so-alleged 'HOLD' and/or 'DETAINER' for being a Parole Violator."

Appellant, Carver, was on or about October 27, 1960, arrested on a preliminary charge of Pre-Second Degree Burglary, and confined in the Marion County Jail; he was also held on a charge of Parole Violation. Appellant, Carver, filed his petition for a Writ

of Habeas Corpus in fifteen rhetorical paragraphs. The writ was issued, to which writ the sheriff made return on November 10, 1960, alleging that appellant was lawfully restrained by virtue of legal process issued and served upon said Sheriff and produced in open court the original process upon which he held appellant.

Appellant, Campbell, filed his petition for a writ of habeas corpus in eighteen rhetorical paragraphs. The said writ was issued, to which writ the sheriff made return on November 10, 1960, alleging that appellant was lawfully restrained by virtue of legal process issued and served upon said sheriff and produced in open court the original process upon which he held appellant.

Thereafter, general appearance to the actions, for Paul B. Whelchel, was entered by the Attorney General, after which appellant, Campbell, filed his amended petition for writ of habeas corpus. To the amended petition for the writ filed by Campbell, and the petition filed by Carver, appellee, Whelchel, filed written Motions to Quash, hearing thereon being set for December 1, 1960. The motions to quash the petitions are predicated on the single ground "for the reason that said petition fails to state grounds upon which a Writ may lawfully issue against said Paul B. Whelchel."

The memorandums in support of the motions to quash read as follows:

"Respondent, Paul B. Whelchel, Superintendent of the Indiana State Reformatory, in support of his Motion to Quash the Petition for Writ of Habeas Corpus heretofore filed herein, submits the following:

"The sufficiency of the petition upon which a Writ of Habeas Corpus issues is properly tested

by a Motion to Quash the Writ. *McGlennan* v. *Margowski* (1883), 90 Ind. 150; *Berkshire* v. *Caley et al.* (1901), 157 Ind. 1, 60 N. E. 696.

"The petition for the writ heretofore filed shows that the Petitioner was and is on parole from an Indiana penal institution. The Indiana Supreme Court has specifically held that while on parole the prisoner remains in the legal custody of the warden or superintendent of the institution from which he is paroled until the expiration of his maximum term of imprisonment. *Overlade* v. *Wells* (1955), 234 Ind. 436, 127 N. E. 2d 686.

"The issuance of a parole violation warrant is wholly within the discretion of parole authorities. *Gilchrist* v. *Overlade* (1954), 233 Ind. 569, 122 N. E. 2d 93.

"The Supreme Court has further held that a Petition for Habeas Corpus must be filed in the county where the Petitioner is held. In the case at bar, although it is not specifically stated in the petition the Petitioner is held by virtue of a committment [commitment] to the Indiana Reformatory at Pendleton located in Madison County, Indiana. Therefore, the only proper venue for the issuance of a Writ of Habeas Corpus is Madison County. *State ex rel. Moore* v. *Carlin* (1948), 226 Ind. 437, 81 N. E. 2d 670.

"Insofar as the custody maintained by the Sheriff of Marion County is as a representative of the Superintendent of the Reformatory, the prisoner must be deemed to be in the reformatory. Madison County, therefore, is the only proper venue as to Respondent Whelchel. *State ex rel. Howard* v. *Hamilton Circuit Court* (1946), 224 Ind. 220, 66 N. E. 2d 62.

"For the above reasons, Respondent Paul Whelchel prays that the Petition for Writ of Habeas Corpus heretofore filed herein be quashed as to him."

Hearing was had on the motions to quash, appellants being present in person and by counsel. Thereafter the motions were sustained and petitioners (appel-

lants) filed exceptions to the return filed by the Sheriff. The record is silent as to any ruling on the exceptions. Appellants, on December 5, 1960, prayed for an appeal and filed a Praecipe for a transcript of the record.

Appellants assignments of error in pertinent part are as follows:

"1. The trial court erred in overruling and denying the Exceptions to the Return of the Writ.
"2. The trial court erred in sustaining appellee's (respondent below) Motion to Quash the Amended Petition for Writ of Habeas Corpus."

The first specification of the assignments of error we need not and do not consider here for the following reasons:

(a) The record does not disclose any ruling on the exceptions;

(b) Appellants have not included the same in the argument section of their briefs and specifically state in their briefs that they rely on the second specification, omitting specification one entirely in their statements of "Errors Assigned and Relied on for Reversal."

Appellants assert that the issues were formed by the Verified Petitions for Writ of Habeas Corpus and the Motions to Quash the same. Appellee says the sole question before this Court is the sustaining of appellee, Whelchel's, Motion to Quash the Petitions for Writ of Habeas Corpus. We are not in entire agreement with either the appellants or appellee as to the issue to be determined by this Court.

We are of the opinion that the real question to be determined is, did the Marion Criminal Court, Room 2, have jurisdiction to issue the writs? That issue was raised by the Motion to Quash. For authority

on the question of jurisdiction in the cases at bar we refer to the statute. Acts 1881 (Spec. Sess.), ch. 38, §780, p. 240, being §3-1905, Burns' 1946 Replacement.

This Court has repeatedly held that the Writ must issue from the county in which the person applying therefore is restrained of his liberty. *State ex rel Howard* v. *Hamilton Circuit Court* (1946), 224 Ind. 220, 66 N. E. 2d 62.

The petitions for the Writs show that the petitioners (appellants) were and are on parole from an Indiana Penal institution. This Court has specifically held that while on parole the prisoner remains in the legal custody of the warden or superintendent of the institution from which he is paroled until the expiration of his maximum term of imprisonment. *Overlade, Warden, etc.* v. *Wells* (1955), 234 Ind. 436, 446, 127 N. E. 2d 686.

The rulings on the motions to quash were proper and the judgments of the lower court are affirmed.

Achor and Bobbitt, JJ., concur; Arterburn and Landis, JJ., concur in result.

NOTE.—Reported in 186 N. E. 2d 422.