**Mr. and Mrs. Jacob EICHER, Defendants-Appellants,**

v.

**WALTER A. DOERFLEIN INSURANCE AGENCY, Plaintiff-Appellee.**

**No. 3–978A230.**

Court of Appeals of Indiana, Third District.

Jan. 22, 1979.

David A. Kruse, Kruse & Kruse, Auburn, for defendants-appellants.

Bruce O. Boxberger, Grotrian & Boxberger, Fort Wayne, for plaintiff-appellee.

GARRARD, Presiding Judge.

Jacob and Esther Eicher appeal from a default judgment entered against them. On January 20, 1978, appellee Walter A. Doerflein Insurance Agency filed its claim with the Allen Superior Court, Small Claims Division, alleging that the Eichers had failed to pay for insurance coverage contracted for and provided. Service of process was attempted by certified mail, return receipt requested in accordance with Indiana Rules of Procedure, S.C. Rule 3.[1] The notice of claim was returned by the U. S. Postal Service bearing the notation "unclaimed." No other method of process was attempted by appellee. On February 28, 1978, the appellee requested and was granted a default judgment against the Eichers.

The Eichers first received notice of the suit and the default judgment on or about March 3, 1978 in the form of a letter from appellee's counsel requesting payment of the judgment. On appeal, the Eichers assert that they were denied due process of law and a fair trial because they received no notice of appellee's claim until after the default judgment was entered. We must agree.

█ The Eichers were not served with process pursuant to S.C. Rule 3. Service of the notice of claim by "registered or certified mail with return receipt requested" requires a return showing receipt of such notice. S.C. Rule 10(B) provides in part:

"Before default judgment is entered, the court shall examine the notice of claim *and return* thereof and make inquiry, under oath, of those present so as to assure the court that:

---

1. S.C. Rule 3 provides:

"For the purpose of service the notice of claim shall also be considered to be the summons. A copy of the notice of claim shall be served upon each defendant by registered or certified mail with return receipt requested. Personal service may be used if service by mail is ineffective, but only if a mailing address cannot be determined or if service by mail is returned without acceptance."

(a) Service of notice of claim was had under such circumstances as to establish a reasonable probability that the defendant received such notice."

(emphasis added)

The return here carried the notation that the notice of claim was "unclaimed." Such a return does not provide the court with assurance that service was had "under such circumstances as to establish a reasonable probability that defendant received such notice." The return established that the defendants, the Eichers, had *not* received such notice. Under these circumstances, the trial court was without jurisdiction to enter the default judgment and such judgment must be vacated. *Fox v. Galvin* (1978), Ind.App., 381 N.E.2d 103; *Roberts v. Watson* (1977), Ind.App., 359 N.E.2d 615; *Glennar Mercury Lincoln, Inc. v. Riley* (1975), Ind.App., 338 N.E.2d 670.

Remanded with instructions to vacate default judgment.

STATON and HOFFMAN, JJ., concur.