Wayne KING, D.M.D., a/k/a William Waymon King, III, and Wayne King, D.M.D., P.C., Appellants–Defendants,

v.

UNITED LEASING, INC., Appellee–Plaintiff.

No. 82A01–0107–CV–254.

Court of Appeals of Indiana.

April 16, 2002.

Robert R. Faulkner, Evansville, IN, Attorney for Appellants.

Paul J. Wallace, David E. Gray, Holly H. Wilhelmus, Bowers Harrison, LLP, Evansville, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

William Waymon King, III ("King") appeals the trial court's denial of his Motion to Correct Error, which sought to set aside a default judgment. He appeals raising one dispositive issue for our review, which we restate as whether the default judgment entered against him is void for lack of personal jurisdiction.

We reverse and remand.

### Facts and Procedural History

The facts most favorable to the judgment reveal that in August 1999, King, Wayne King, D.M.D., P.C. ("the Company"),[1] and United Leasing Inc. ("United") entered into a lease agreement for the equipment necessary for the establishment of a new dental office. At all times relevant to this appeal, King was a resident of Marietta, Georgia, and United's principal place of business was Evansville, Indiana. Because of the multiple defendants and various procedural stages at the trial court level, it is helpful to list the chronological history in this matter.

August 1, 2000: United initiates suit in Vanderburgh Superior Court, alleging that King defaulted under the terms of the lease agreement by failing to pay according to its terms.

August 2, 2000: Vanderburgh Superior Court Clerk mails original summons forms and original complaint to King and the Company via certified mail.

September 7, 2000: United files amended complaint, again alleging that King defaulted under the terms of the lease agreement by failing to pay according to its terms.

September 8, 2000: Vanderburgh Superior Court Clerk mails amended complaint along with new summons forms to King and the Company via certified mail.

September 29, 2000: Summons forms and amended complaint to the *Company* are *returned* as *refused*.

October 12, 2000: United continues to attempt service upon *King* by filing an alias summons.[2]

October 12, 2000: United files Request for Service to the Secretary of State, along with an Affidavit of Service by Secretary of State.

October 16, 2000: Summons forms and amended complaint to *King* are *returned* as *unclaimed*.

---

1. The Company is not a party to this appeal.

2. Based upon the record before us on appeal, it is unclear whether the alias summons was filed with another amended complaint, or whether it was ever issued or served.

October 26, 2000: *United files motion for default judgment alleging that King refused service* on September 29, 2000, and otherwise refused to answer United's amended complaint.

October 26, 2000: Trial court grants United's motion for default judgment. In its order the trial court holds that: the Defendant, Wayne King, has been notified of the pendency of this action in all respects according to law, and that the Defendant has not appeared herein either in person or by attorney nor has Defendant filed an answer or any pleading whatsoever; and having been three (3) times audibly called in open Court, the Defendant comes not, and wholly makes default; and it appearing that the allegations of Plaintiff's complaint are true, the Court now finds that the Defendant is indebted to the Plaintiff herein in the sum of Eighty Eight Thousand Eight Hundred Twenty–Five Dollars and nine cents ($88,825.09), together with court costs and interest from the date of judgment at the rate of eight percent (8%) per annum.

Appellant's App. p. 29.

October 31, 2000: King is served United's amended complaint by personal service through the Cobb County, Georgia, Sheriff's Department.

November 10, 2000: Secretary of State's Affidavit of Service returned marked "Returned to Sender." Appellant's App. p. 47. The Affidavit is attached to an unaddressed envelope marked "refused."[3] Appellee's App. p. 3; Appellant's App. p. 48.

November 17, 2000: King files pro se answer to United's amended complaint, generally denying all of the allegations.

December 26, 2000: King, by counsel, files Motion for Relief from Judgment, asserting that the trial court granted United's motion for default judgment under the incorrect belief that King rather than the Company, refused service on September 29, 2000.

January 22, 2001: Trial court hears oral argument on King's Motion for Relief from Judgment.

January 30, 2001: After taking the matter under advisement, trial court denies King's Motion for Relief from Judgment.

On March 2, 2000, King filed his Trial Rule 60(B) Motion to Correct Error. On April 4, 2001, the trial court heard oral argument on King's Motion, and thereafter took the matter under advisement. Subsequently, on May 9, 2001, King's Motion was deemed denied, pursuant to Indiana Trial Rule 53.3. King now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

A trial court's decision of whether or not to set aside a default judgment is given substantial deference on appeal. *LaPalme v. Romero*, 621 N.E.2d 1102, 1104 (Ind.1993). Our review of the trial court's refusal to set aside a default judgment is limited to determining whether there has been an abuse of discretion. *Id.* (citing *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 340 (Ind.1983)). The trial court may relieve a party from a default judgment upon one of the several grounds set forth in Trial Rule 60(B). *LaPalme*, 621 N.E.2d at 1104. On appeal, the burden is on the appellant to demonstrate that the trial court's decision was clearly against the logic and effect of the facts and circumstances before the court, or that the trial court misinterpreted the law. *Id.* However, while the decision to set aside a

---

3. King disputes that he ever refused service.  Br. of Appellant at 6.

default judgment is largely the province of the trial court, Indiana disfavors default judgments and prefers resolution of a cause on its merits. *Overhauser v. Fowler*, 549 N.E.2d 71, 72 (Ind.Ct.App.1990) (citing *Green v. Karol*, 168 Ind.App. 467, 474, 344 N.E.2d 106, 110 (1976)).

■ King argues that the trial court erroneously failed to set aside his default judgment, and erroneously denied his Motion to Correct Error. More specifically, he argues that the trial court did not have personal jurisdiction over him when it entered the default judgment against him because at the time he had not received sufficient service of process as required by the Indiana Trial Rules. Therefore, he argues that the judgment rendered against him in this case was void. We agree.

■ If service of process is inadequate, the trial court does not acquire personal jurisdiction over a party, and any default judgment rendered without personal jurisdiction is void. *Northwestern Nat. Ins. Co. v. Mapps*, 717 N.E.2d 947, 951 (Ind.Ct.App.1999) (citing *Fidelity Fin. Servs., Inc. v. West*, 640 N.E.2d 394, 396, 400 (Ind.Ct.App.1994)); *see also Overhauser*, 549 N.E.2d at 72. Here, United filed its amended complaint on September 7, 2000, and new summons forms and amended complaints were sent to King and the Company by the Vanderburgh Superior Court Clerk by certified mail on September 8, 2000. Although the Company refused service, King's service was returned unclaimed. Unclaimed service is insufficient to establish a reasonable probability that the defendant received adequate notice and to confer personal jurisdiction. *Eicher v. Walter A. Doerflein Ins. Agency*,

179 Ind.App. 184, 384 N.E.2d 1126, 1127 (1979).[4] *See also Conrad v. Universal Fire & Cas. Ins. Co.*, 686 N.E.2d 840, 843 (Ind.1997) (holding that mailing of notice of cancellation of insurance policy by certified mail, return receipt requested, was not proper notice, where notice was returned unclaimed). Thereafter, on October 12, 2000, United filed its alias summons to be served on King, but there is no indication in the record that this alias summons was ever served. *See* Appellant's App. pp. 1–4.

Also on October 12, 2000, United filed its Request for Service with the Secretary of State. On November 10, 2000, *fifteen days after United's motion for default judgment had been entered*, the Secretary of State's Affidavit was returned marked "Returned to Sender," allegedly in an envelope marked "refused." Appellee's App. p. 3; Appellant's App. p. 48. United is correct that "a person who has refused to accept the offer or tender of the papers being served thereafter may not challenge the service of those papers." Br. of Appellee at 8 (citing Ind. T.R. 4.16(A)(2)). While this return envelope included in the record is marked "refused," it is unaddressed, undated, and other than a number in the upper left hand corner (number 15388), it is unidentifiable. Further, and as noted above, the Secretary of State's return was made fifteen days *after* the contested default judgment was entered. Under these facts and circumstances, when United filed its motion for default judgment and when the trial court entered the default judgment at issue, King had not been served with the summons and amended complaint.[5] Therefore, United's

4. We are aware that *Eicher* involved service under Small Claims Rule 3, however, we find that the same rationale is applicable to service under the Indiana Trial Rules.

5. We admonish overly zealous counsel to remember their duties as officers of the court to carefully review service of process records and to accurately plead facts upon which a court's jurisdiction is based.

default judgment against King was void for lack of personal jurisdiction.

## Conclusion

Five days after the default was entered King was actually served by means of personal service through the Cobb County, Georgia, Sheriff's Department. Eighteen days later, on November 17, 2000, King filed his pro se answer. The trial court did not have personal jurisdiction over King on October 26, 2000, when it entered a default judgment against him, and therefore, the judgment of the trial court was void.

Reversed and remanded.

BROOK, C.J., and RILEY, J., concur.