*206 RUCKER, J.,
dissenting.
In order to be held in contempt for failure to follow the court’s order, a party must have willfully disobeyed the court order. See Ind. High Sch. Athletic Ass’n v. Martin, 765 N.E.2d 1288, 1241 (Ind.2002). The order must have been so clear and certain that there could be no question as to what the party must do, or not do, and so there could be no question regarding whether the order is violated. See id. A party may not be held in contempt for failing to comply with an ambiguous or indefinite order. City of Gary v. Major, 822 N.E.2d 165, 170 (Ind.2005). Otherwise, a party could be held in contempt for obeying an ambiguous order in good faith. Id.
Here, the temporary restraining order that plaintiffs were alleged to have disobeyed dictated in relevant part that Witt and HydroTech were enjoined “from conducting UST removal, soil excavation, or other environmental investigation and remediation activities.... ” Joint App. at 50-51. Importantly, as the Court of Appeals noted, defendants drafted the order and it did not compel plaintiffs to “ ‘cease and desist’ all work activities.... ” Witt v. Jay Petroleum, Inc., 948 N.E.2d 824, 841 (Ind.Ct.App.2011). Plaintiffs argue and the record supports that the backfilling of the sites was needed to maintain safety and address groundwater issues. The pits were several feet in width and depth, and the day before the trial court issued the order, HydroTech had pumped out several thousand gallons of groundwater. In essence although the restraining order clearly enjoined certain environmental investigation and remediation activities, it did not prohibit activity to ensure that the site would not pose a threat to public safety. In my view a finding of willful disobedience of the restraining order on the basis of HydroTech’s backfilling of the pits cannot be sustained on the facts before us.
As for the soil samples, the record is unclear whether they were taken from the site before or after the restraining order was issued. And further, the record is silent on whether this soil was actually tested or whether Witt would have used any such test results as evidence in the case. Essentially there was insufficient evidence before the trial court to support a finding of contempt based on plaintiffs’ soil sampling activities.
In the end I agree with the Court of Appeals that plaintiffs’ conduct did not constitute a willful violation of the terms of the temporary restraining order. I therefore respectfully dissent and would reverse the judgment of the trial court.
SULLIVAN, J., concurs.