## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2017, 10:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Gerald Lee Doll
Michigan City, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gerald Lee Doll,

*Appellant-Petitioner,*

v.

Robert Guy, White County Prosecutor and the State of Indiana,

*Appellees-Respondents*

April 12, 2017

Court of Appeals Case No.
91A02-1611-PL-2748

Appeal from the White Circuit Court

The Honorable Robert W. Thacker, Judge

Trial Court Cause No.
91C01-1608-PL-21

**Altice, Judge.**

## Case Summary

Gerald Lee Doll, pro se, appeals from the trial court's dismissal of his small claims complaint.

**Facts & Procedural History**

On September 4, 2012, Doll pled guilty to robbery resulting in bodily injury, robbery, and resisting law enforcement. *Doll v. State*, 91A02-1602-CR-259 (Ind. Ct. App. July 13, 2016). Doll was later sentenced to thirty years imprisonment. *Id.* Doll is currently incarcerated in the Indiana State Prison in Michigan City, which is located in La Porte County.

On August 23, 2016, Doll filed a small claims complaint in the White Circuit Court against Robert Guy, in his official capacity as the White County Prosecutor. With his complaint, Doll sought to obtain $1,500,000.[1] Doll alternatively titled his complaint as a Writ of Habeas Corpus and therein requested his immediate release from prison. The certificate of service accompanying Doll's pleading indicates that Doll sent a copy thereof to Guy via first class mail on August 19, 2016. There is no receipt in the record showing that Doll's small claims complaint was ever delivered to Guy.

On September 9, 2016, Doll filed a "Constructive Legal Notice Discovery" along with an affidavit of debt. On November 2, 2016, Doll filed a notice with

---

[1] Specifically, Doll alleged that the damages sought are "United States Dollar Value listed @ 1,150,000.00/100 in a deferred debt unknown to Claimant, Re-venue in International Monetary Units (negative numbers, based on accrual accounting, qualifying as small claim[)]." *Appellant's Appendix* at 13.

the court invoking Ind. Trial Rule 53.1 because the court had not ruled on his September 9 discovery request within thirty days of the filing. On November 16, 2016, the Indiana Supreme Court issued a determination that withdrawal of the case was not warranted. That same day, after receiving the Supreme Court's determination, the trial court issued a CCS Entry and Order stating:

> the Court has no jurisdiction and no authority to rule on or decide [Doll]'s motions or requests for the reason that the pleadings filed in the case by [Doll] have never been served upon any defendant pursuant to the Trial Rules, and further for the reason that the pleadings are nonsense and unable to be understood.

*Appellant's Brief* at 16. Doll appeals from this order. Additional facts will be provided as necessary.

## Discussion & Decision

"The existence of personal jurisdiction . . . is . . . a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d 1200, 1206 (Ind. Ct. App. 2014) (quoting *Munster v. Groce*, 829 N.E.2d 52, 57 (Ind. Ct. App. 2005)), *trans. denied*. A trial court does not acquire personal jurisdiction over a party if service of process is inadequate. *King v. United Leasing, Inc.*, 765 N.E.2d 1287, 1290 (Ind. Ct. App. 2002). Because the matter of personal jurisdiction is a question of law, our review is de novo. *Munster*, 829 N.E.2d at 57.

[6] Under Ind. Small Claims Rule 3(A), a defendant shall be properly served by: (1) "sending a copy by certified mail with return receipt requested," (2) "delivering a copy to the defendant personally," (3) "leaving a copy at the defendant's dwelling or house or usual place of abode," or (4) in any other manner provided by Ind. Trial P. Rules 4.1 through 4.16. T.R. 4.1(A)(1) provides:

> Service may be made upon an individual, or an individual acting in a representative capacity, by:
>
> > (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

[7] Pursuant to both of these rules, when serving a defendant by mail, the complaint must be sent by registered or certified mail or some other public means that allows for a written acknowledgment confirming that the complaint was received. There are five certificates of service referring to various filings made by Doll, only one of which, dated August 18, 2016, refers to the small claims complaint. The August 18 certificate of service indicates that the small claims complaint was mailed to Guy via *first class mail*, not certified or registered mail. Further, there is no record of a return receipt showing that the complaint was received by Guy. Because the complaint was not served via certified or registered mail, and there is no return receipt in the record, the complaint was not properly served. *See Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d

1200, 1206 (Ind. Ct. App. 2014) (holding that "leaving the summons and complaint at a building at the address listed for the registered agent, and following that attempt at service with *copy service by first class mail*" was not proper service); *Eicher v. Walter A. Doerflein Ins. Agency*, 179 Ind. App. 184, 185, 384 N.E.2d 1126, 1126 (1979) ("[s]ervice of notice of claim by 'registered or certified mail with return receipt requested' requires a return showing receipt of such notice"). Because there was insufficient service, the trial court correctly determined that it did not have jurisdiction over Guy. *See Anderson*, 4 N.E.2d at 1210 (holding that where service of process was inadequate as a matter of law, trial court did not have jurisdiction over defendant).

[8] We further note, as did the trial court, that the legal basis for Doll's small claims complaint for $1,500,000 is unclear. Doll does make one discernable request for relief: "to Immediately Release the Secured Party Creditor Gerald Lee Doll™ being held unjustly as Surety for the Debtor Gerald Lee Doll™ under No. 230225™ from the Indiana Department of Correction." *Appellant's Appendix* at 28. As noted above, Doll alternatively titled his petition as a "Writ of Habeas Corpus" and expressly states that he is seeking his immediate release from the Indiana State Prison. To the extent his complaint may be taken as a writ of habeas corpus[2] rather than a small claims complaint, the court was likewise without jurisdiction. A writ for habeas corpus may be granted by "the

---

[2] *See* Ind. Code § 34-25.5-1-1 ("[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal").

circuit or superior courts of the county in which the person applying for the writ may be restrained of his or her liberty, or by the judges of those courts." I.C. § 34-25.5-2-2. Here, Doll is being held at the Indiana State Prison in Michigan City, which is located in LaPorte County. Thus, to the extent Doll's petition could be deemed a writ of habeas corpus, the White County Circuit Court was without jurisdiction to consider such as Doll was being held in LaPorte County. *See State ex rel. Howard v. Hamilton Circuit Court*, 224 Ind. 220, 224, 66 N.E.2d 62, 63 (1946).

[9]     Finally, we note that Doll's arguments regarding venue are difficult to understand and irrelevant to the issue presented. It is clear from Doll's brief on appeal that he does not understand the import of the trial court's determination that it lacked jurisdiction.

[10]     Judgment affirmed.

        Kirsch, J. and Mathis, J., concur.